EXECUTORS AND HEIRS OF McMICHAEL *v.* GASTON T. RAOUL, Tutor.

Where a particular item of an account claimed by the defendant in a suit for the liquidation of a partnership is not fully sustained by the evidence, a judgment will be rendered in favor of plaintiff, as in case of nonsuit, upon that particular claim.

The natural tutor who supervises the interest of his minor child in the liquidation of a partnership of which the deceased mother of the minor was a partner, cannot claim for services rendered the partnership; he has only a claim against his ward in his account of tutorship.

APPEAL from the District Court of the Parish of Livingston, *Beale,* J. *Jessee R. Jones,* for plaintiff. *G. W. Watterston,* for defendant and appellant.

BUCHANAN, J. This is a suit for the settlement of a partnership. The defendant had judgment for a balance of fifteen hundred and ninety-six dollars and twenty-nine cents, bearing interest at eight per cent. from the last day of January, 1854. He appealed, and asks that this balance be increased by the amount of four items of his account rejected by the court.

1. " Amount of draft given to *George McMichael* by *Moore, Wittie & Co.* on *Messrs. T. C. Bates & Co.,* for railroad work performed by the copartnership, $3213 25."

It is unnecessary to pass upon the bill of exceptions taken by defendant to the rejection of the deposition of *George F. Wittie,* offered to prove this item, inasmuch as the deposition comes up with the record, and if admitted, would not have availed as sufficient proof of the charge.

The witness does not specify either the number of the drafts, nor their amount, which his firm drew upon *Bates & Co.* in favor of *George McMichael.* His answers are as vague as the interrogatories, and his evidence, at best, is but secondary. If those drafts were paid by *Bates & Co.* to *George McMichael,* as charged in defendant's account, that fact could have been proved by the testimony of *Bates & Co.* and by the drafts themselves, which must be in *Bates & Co.'s* possession. Upon this item, we will amend the judgment of the lower court, by decreeing a nonsuit.

2. " Paid *T. G. Davidson,* for securing title to Carthage land, $600."

This item was properly rejected. The evidence offered in support of it is obviously insufficient. It proves no payment of any sum whatever for the supposed services of *Mr. Davidson.* Neither does it prove to our satisfaction that he rendered any services in the premises, for which he would have been entitled to make a charge.

3. " Services rendered the copartnership since *George McMichael's* death, (January 14th, 1854) $500."

There is a bill of exceptions taken by defendant to the rejection of evidence to support this item. The District Judge did not err. The partnership between *George McMichael* and the wife of defendant was dissolved by the death of the latter; which, it is admitted in argument, took place in November, 1853, some months before that of *George McMichael.* The defendant, as natural tutor of his minor children, issue of his marriage with the deceased, (the sole capacity in which he is before us,) was bound to supervise and manage for the said minors their interest in the liquidation of the partnership. For such services, he can

claim nothing more than the compensation allowed by law to tutors : a claim to be made against his wards in his account of tutorship.

4. Sundry small items of freight and passage amounting to $32 10.

The deposition of a witness, named R. P. Guyard, was offered in support of these charges by defendant, and rejected by the court. It is unnecessary to pass upon the bill of exception to the rejection of this deposition ; for we find (the deposition being annexed to the bill of exception,) that the testimony of this witness would have amounted to nothing, had it been admitted.

The plaintiffs and appellees, on their part, have answered the appeal, and complain of the allowance of two items of account by the judgment of the court below in favor of the defendant.

Those items are :

1st. $2400, with interest, for price of the " Fay tract," with an adjoining fraction of land, and a stock of cattle, horses, &c., &c.

2d. $1103 for hire of slaves.

The first of these items was due by the plaintiff's ancestor, McMichael, under the articles of copartnership. The second is justified by the evidence.

It is, therefore, adjudged and decreed, that the judgment of the District Court be amended ; that there be judgment in favor of plaintiffs, as in case of nonsuit, upon the claim of defendant for $3213 25, drafts given to George McMichael by Moore, Wittie & Co., upon T. C. Bates & Co ; that, in other respects, the judgment be affirmed ; the plaintiffs to pay costs of appeal.

Voorhies, J., absent.