## H. W. REYNOLDS, Ex'tor., *v.* W. B. STILLE.

|14   599|
|115   99|

The copy of an act under private signature does not prove the genuineness of the original, although
admitted to record on the affidavit of a subscribing witness.

APPEAL from the District Court of the Parish of Sabine, *Chaplin, J.*
*Tucker & Levy,* for plaintiff and appellant.   *J. B. Elam,* for defendant.

LAND, J.   This suit was instituted to recover certain tracts of land in the pos-
session of defendant, and claimed by him as owner.

It was necessary, under the pleadings, for plaintiff to prove title in himself, and
in order to do so, he had to prove the authority of an attorney in fact, who had
made a conveyance of the lands, for two former proprietors, from whom he de-
rived his alleged title.   And for the purpose of proving such authority in the
agent, he offered in evidence, *two certified copies* of acts of procuration which had
been recorded in this State, on the oath of one of the subscribing witnesses.

The powers of attorney were acts under *private signature,* and the defendant
objected to the introduction of the copies, on the ground that they were not the
best evidence, and did not make proof of the originals.   The objection was sus-
tained, and the plaintiff took his bill of exceptions to the ruling · of the court.
The cause was tried, and a final judgment rendered in favor of defendant.

The District Judge did not err in rejecting the copies offered in evidence.   In
the case of *Norwood* v. *Green,* 5 N. S. 176, it was held that the copy of an act
under private ·signature did not prove the genuineness of the original, although
admitted to record on the affidavit of a subscribing witness, for the reason, the
proof of execution was *ex parte*

In the case of *Parham* v. *Murphee,* it was directly held that a certified copy
of a power of attorney did not make proof of the original.   4 N. S. 355.   The
Judge, however, erred in rendering a *final* judgment against the plaintiff, the
judgment should have been one of nonsuit.

It is, therefore, ordered, adjudged and decreed, that the judgment be reversed ;
and it is now ordered, adjudged and decreed, that there be judgment against the
plaintiff as in case of nonsuit, and that he pay the costs of the lower court, and
the defendant pay the costs of this appeal.