No. 1950
Second Circuit Appeal

LOUISIANA RAILWAY AND NAVIGATION COMPANY v. R. C. LAWRENCE

(Jan. 12, 1925, Opinion and Decree.)

(Syllabus by the Editor.)

1. **Louisiana Digest—Judgment—Par. 51.**
Plaintiff, who fails to establish his claim from insufficiency of evidence which

he may afterwards be able to supply, will be non-suited and not concluded by final judgment.

Appeal from Parish of Rapides, Hon. Levin L. Hooe, Judge.

This is a suit to recover alleged undercharges on a shipment of ties.

There was judgment for defendant and plaintiff appealed.

Judgment amended, making it one of non-suit.

Peterman, Dear & Peterman, of Alexandria, attorneys for plaintiff, appellant.

Gus Voltz, of Alexandria, attorney for defendant, appellee.

CARVER, J. Plaintiff, a railroad Company, sues defendant to recover alleged under charges on seven shipments of ties—two on April 25th, 1919, and the rest since that date, claiming that the rate paid was 2c per hundred, when it should have been 6½c.

The suit was filed April 25th, 1921 and citation served April 26th, 1921.

Defendant filed an exception of no cause of action which was properly overruled and which was not urged in this court. Against the claim as based on the two earliest shipments he pleads the prescription of two years which plea seems not to have been decided by the lower court. No law is cited in support of this plea and we know of none fixing two years on claims of the kind sued on but in view of the conclusion we have arrived at on the merits we shall leave this question open.

Defendant in his answer pleads as a defense to the suit and alternatively as a reconventional demand, that plaintiff's agent quoted him a rate of 2c per hundred and that he could have had the ties hauled by team at this rate. But there is no merit in this defence as was frankly admitted by defendant's counsel in oral argument in this court.

On trial of the case on its merits plaintiff failed to prove its demand by legal evidence.

We cannot find in the record any proof of the amount of freight actually paid.

It is alleged by plaintiff and admitted by defendant that the rate was 2c per hundred but we find no proof or admission of the weight of the ties.

In order to prove the rate which should have been paid, plaintiff offered printed Tariff sheets issued by its General Freight agent. Defendant's counsel objected on various grounds, amongst which were that they were not certified by the Railroad Commission (Now Public Service Commission) and that no approval by that Commission was shown. In effect, though not formally, this objection was sustained by the lower court, which in our opinion was correct.

But the mere failure of plaintiff to prove its demand did not warrant its final rejection. See White & Dart's Louisiana Digest Verbo Judgment Sec. 51 where many cases are cited in support of the following syllabus: "Plaintiff who fails to establish his claim from insufficiency of evidence he may afterwards be able to supply, will be non-suited and not concluded by final judgment."

Amongst the cases cited are Reynolds vs. Stille, 14 La. Ann. 599; Executors, etc. vs. Raoul, 14 La. Ann. 307; Succession of Hickman, 13 La. Ann. 364.

It is accordingly decreed that the judgment of the lower court be amended by rejecting plaintiff's demand, not finally but only of non-suit, cost of appeal to be paid by defendant and those of the lower court by plaintiff.