## JOHN S. HENRY

*v.*

## THE MERIAM & MORGAN PARAFFINE COMPANY.

PRACTICE—*judgment for balance on affidavit of merits by defendant as to part.* If a defendant, in a case where he is required to accompany his pleas with an affidavit of merits, files with his pleas an affidavit that he has a good defense as to a portion of the plaintiff's demand, the latter may concede the defense as to such sum, and will then be entitled to judgment for the residue, without any trial, regardless of pleas to the whole cause of action.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

Mr. M. J. DUNNE, for the appellant.

Mr. FRANK A. JOHNSON, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action brought by appellee, against appellant, as guarantor of a certain promissory note executed by one Rigdon, and payable to Armstrong & Co., for the sum $380, and which was assigned, by indorsement by the payees, to appellee.

The appellee filed with its declaration an affidavit that there was due the plaintiff $380, with ten per cent interest from the 16th day of October, 1875, and, also, the further sum of $40, costs paid and incurred in efforts to collect the note of the makers thereof.

To the declaration the appellant pleaded the general issue, with an affidavit of merits as to the $40, also a plea of *nul tiel corporation.*

After the filing of the pleas by appellant, appellee moved for judgment for the amount sued for, less $40, claimed by appellant in his affidavit of merits. This motion the court allowed, and the appellant insists it was error to render judgment while the plea of *nul tiel corporation* was not disposed of.

The position assumed by appellant is fully met by section 37, Revised Statutes of 1874, p. 779, which, in substance, provides that, if the plaintiff in a suit upon a contract for the payment of money, shall file with his declaration an affidavit showing the nature of his demand, and the amount due from the defendant, after allowing all just credits and set-offs, he shall be entitled to a judgment as in case of default, unless the defendant shall file with his plea an affidavit that he verily believes he has a good defense to said suit, upon the merits, to the whole or a portion of plaintiff's demand, and if to a portion, specifying the amount.

The affidavit filed by appellant with his pleas disclosed a defense to the plaintiff's cause of action to the extent of $40, when appellee conceded the correctness of the defense so far as it went, and was willing to take judgment for the balance of the demand sued for, after deducting the $40. This obviated all necessity for any further delay in the proceedings, and clearly entitled appellee to a judgment for the amount conceded by both parties to be justly due, as was held in *Allen* v. *Watt*, 69 Ill. 655.

If it be true that appellee had no legal existence as a corporation, as appellant had pleaded, it would have been an easy task for him to have interposed, in the affidavit filed, a defense to the whole of the plaintiff's demand, but as he failed to do this, the statute is plain the plea of *nul tiel corporation* availed him nothing. In the language of the statute, the plaintiff "shall be entitled to judgment as in case of default."

The object of the statute is apparent. If a defendant has a good defense upon the merits to the whole of the plaintiff's demand, and that fact is disclosed by affidavit filed with the pleas, then the cause will stand for trial in its regular order;

but, on the other hand, if the affidavit of merits only goes to a portion of the demand sued for, and the plaintiff is willing to concede the justness of the amount relied upon as an off-set, the necessity for the delay and costs of litigation is removed.

This record fails to disclose that appellant had any defense upon the merits, except as to the sum of $40. When the appellee admitted this amount, it was within the power of the court to strike the plea of *nul tiel corporation* from the files, or disregard it entirely and render judgment as in case of default.

The authorities cited by appellant have no application to the practice in a case like this, which is governed entirely by the statute.

As we perceive no error in the record, the judgment will be affirmed.

*Judgment affirmed.*