HEALD *et al.* v. OWEN *et al.*

**Corporations:** DEFECTIVE ORGANIZATION: RIGHTS OF STOCKHOLDERS
AMONG THEMSELVES. Plaintiffs and defendants were stockholders
in a company of which plaintiffs were directors. The articles of
incorporation were never recorded. Plaintiffs, as directors, bor-
rowed money for the company's use far in excess of the capital stock,
giving their personal obligations therefor, which, upon the failure
of the company, they were obliged to pay, and they now seek
contribution of the defendants on the ground that, because the
organization of the corporation was defective, they were partners
and not stockholders; but *held* that, as between themselves at
least, they were stockholders, and that their rights were deter-
mined by the articles of incorporation, which exempted the
stockholders from corporate debts, and limited the company's
indebtedness to a certain percentage of the stock, which last
provision the plaintiffs, as, directors, violated in contracting the
indebtedness in question, and that they could not recover.

*Appeal from Chickasaw District Court.*—HON. L. O.
HATCH, Judge.

FILED, JANUARY 21, 1890.

THE plaintiffs and the defendants were members of
an organization known as the "Bradford Township
Creamery Association," which was organized and com-
menced business in the spring of the year 1883. Its
affairs were conducted in such a manner that, on the
tenth day of September of that year, it was indebted to
the First National Bank of Nashua in about the sum of
forty-eight hundred dollars, on account of overdrafts.
The plaintiffs, who are four in number, are directors of
the association, and they executed their personal promis-
sory notes to said bank for said amount. This transaction
afforded but temporary relief. During the fall of the
year the association became further indebted to said
bank, for which the board of directors, of which plain-
tiffs are members, mortgaged all of the property of the
association to the bank, and in the spring of 1884 the

association went out of business, having no property nor assets whatever. The plaintiffs, having become personally indebted to the bank by executing the note for forty-eight hundred dollars, paid the same, and brought this action in equity against the other members of the association, and demanded an accounting, and that defendants should be required to contribute their *pro-rata* share of said debt to reimburse the plaintiffs. The cause was heard upon its merits in the court below, and a decree was entered dismissing the petition. Plaintiffs appeal.

*J. S. Root*, for appellants.

*Ellis & Ellis*, for appellees.

ROTHROCK, C. J.—The plaintiffs claim that the creamery association was a partnership, and that the plaintiffs, having paid a partnership debt, are entitled to contribution from the defendants. The defendants claim that, under the articles of association, they are not liable to the plaintiffs as partners, nor in any other right. To the end that the relation of the parties to each other may be fairly understood, it is proper that a brief statement should be made of the facts attending the organization of the association, and the manner in which its affairs were transacted.

It appears from the record that on the third day of March, 1883, a meeting was held at a school house in Bradford township, Chickasaw county. The object of the meeting was to organize a creamery association. A temporary organization was effected, and the meeting adjourned until March 10. At the adjourned meeting it was determined that an association should be formed and incorporated, and a plan of organization was adopted by which the capital stock should consist of one hundred shares of ten dollars each. At this meeting some seventy shares of stock were subscribed by the persons present, including the plaintiffs, and part, and possibly all, of the defendants. Officers of the association were

elected. At a subsequent meeting, held on April 24, 1883, articles of incorporation were adopted and signed by part of the stockholders. The evidence shows without conflict that all the members of the association contemplated and intended from the first that the association should be incorporated, and the articles of incorporation were in due form, and expressly provided that the private property of the stockholders should be exempt from liability for corporate debts. Counsel for appellants claim that, as the articles of incorporation were not adopted until after the stock was subscribed and the business commenced, they were of no binding effect, and did not change the relation of the parties to each other, and that they still continued to be partners. This position does not appear to be correct. The articles of incorporation were adopted long before the indebtedness to the bank was contracted, and the rights of the parties, as between themselves, were fixed by the articles of incorporation, at least from the time they were adopted by the association. The articles of incorporation were not recorded as required by section 1060 of the Code, and it is claimed that for this reason the stockholders are liable for the debts of the association. It is averred by the appellants that the articles of incorporation are of no validity whatever. But it is to be remembered that this is an action between stockholders. Their contractual relations, as between themselves, are to be found in what they adopted as their agreement. It was in writing, and denominated "Articles of incorporation," and either signed or adopted by the stockholders. If it be regarded as mere articles of partnership, the parties, as between themselves, should be bound by its provisions. It appears that the capital stock actually subscribed amounted to the sum of seven hundred dollars.

One provision of the articles of the association was as follows: "Art. 7. The company may, whenever necessary for the carrying on the business, or for purchasing any necessary tools, implements, materials,

machinery, buildings or improvements therefor, borrow money, or contract any necessary indebtedness; provided, however, the indebtedness shall at no time exceed sixty-five per cent. of the amount of the capital stock." Under this provision, the power of the board of directors to contract indebtedness was expresssly limited. Whatever may be the right of creditors as against the association, it is very plain that, if the directors violated the agreement without the consent of the stockholders, they are in no position, after having paid the unauthorized debt, to demand contribution from the stockholders; and the evidence shows that the plaintiffs were all directors of the association at the time the debt to the bank was contracted, and at the time they executed their personal note for the same. By their contract with the association they were invested with power to manage the affairs of the company, but they had no right to contract any indebtedness, nor to permit the company to become involved in indebtedness, for any sum in excess of sixty-five per cent. of the capital stock. We do not think it is necessary to further elaborate the questions discussed by counsel. We are united in the conclusion that the decree is right, and that it should be                              AFFIRMED.