# CASES ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MISSISSIPPI

AT THE

## OCTOBER TERM, 1911.

D. L. RAGLAND & W. D. MCRAVEN *v.* R. W. DOOLITTLE.

[56 South. 445.]

1. CORPORATIONS. *Organization. Code of* 1906, *section* 930. *Filing report. Evidence. Partnership.*

Under the Code of 1906, section 930, so providing, the charter of a corporation where the incorporators fail to file a report of the organization with the secretary of state within thirty days after organization, is void, and the persons doing business under such void charter are partners and liable as such. A mere attempt to comply with the requirements of the statute is not sufficient, but the incorporators must see that the report is received by the secretary of state as required by the statute.

2. SAME.

Under this statute the organizers are liable as partners where the only report filed shows on its face that such incorporators had organized and had been doing business several months before it was made.

(498)

3. CORPORATIONS. *Organization. Filing report. Proof.*

> The certificate of the secretary of state as to the time of filing of the report, and that no other report had been filed, is competent evidence to prove a non-compliance with the statute.

4. CORPORATIONS. *Partnership. Estoppel. Code of 1906, section 930.*

> When the charter of a corporation is void on account of failure to comply with Code of 1906, section 930, creditors who have dealt with such incorporators as a corporation are not estopped from asserting their liability as partners, as to so hold would nullify the statute.

APPEAL from the circuit court of Newton county.

HON. C. L. DOBBS, Judge.

Suit by D. W. Doolittle against D. L. Ragland et al. as incorporators of the Newton Lumber & Manufacturing Company. The court gave a peremptory instruction for plaintiff and defendant appeals.

The facts are sufficiently stated in the opinion of the court.

*G. Q. Hall* and *Hall & Jacobson,* for appellant.

On the cross-examination Mr. Brown states that the report of organization was made out on the day of the organization and was signed by all three of the stockholders, and that it has been his understanding all the while that it had been made (transmitted) to the secretary of state, but was informed the latter part of November 1910, that it was not to be found in the office of the secretary of state.

The inference is that upon such information the "second organization" was had and a second report made, a copy of which appears on page 17 of the record.

Surely, no inference or failure to make report to the secretary of state can be drawn from Mr. Brown's testimony. The inference therefrom is to the contrary. All recognized the importance of it, and having the form which had been furnished them by the secretary of state, they immediately filled out and all signed, and it was transmitted to the secretary of state.

If, so, they did all that was required of them by the statute. Any failure of that officer to enter it upon his records or index it properly was not within the penalizing terms pronounced against the failure to report.

2nd. Recognizing the utter insufficiency of Mr. Brown's testimony to bring the case within the terms of the statute, a novel method was resorted to to cure the defect, to-wit, by introducing the following certificate from the secretary of state: "I do further certify that said report is the only report of organization of said Newton Lumber & Manufacturing Company, filed by me, as shown by the record."

That mode of proof is utterly untenable.

Section 1968, Code 1906, declares the law applicable in such instances. The title thereof is, "Custodian of books, etc., authorized to certify copies." The test is, "All public officers in this state having the charge or custody of any public book, record, papers or writings, are authorized to certify copies of the same, which copies shall be received in evidence in all cases when the original or a sworn copy would be evidence."

Nothing in the certificate except that the paper furnished is a true copy from the record of his office possesses any evidential value.

By section 1972 it is provided that an officer to whom the legal custody of a record of a paper belongs may certify, "that he has made diligent search in his office for the record or paper, and that it cannot be found therein" and that such certificate "shall be admissible in evidence, and have the same effect as if the officer personally testified to the fact stated in such certificate."

From such a certificate certain inferences are allowable, but an officer being no more infallible than any other mortal, his certificate must conform to the ordinary rule which obtains in laying the predicate for the introduction of secondary evidence.

"Diligent search in his office for the record or paper and that it cannot be found therein," is the fact, and the

only fact that he may certify, and to that extent alone is his certificate admissible in evidence.

The secretary of state is therefore wide of the mark in certifying that the copy of the report furnished "is the only report of organization filed by me, as shown by the record."

It was only allowable for him to certify to the fact that he had made diligent search in his office and that he was unable to find said report or any record thereof.

*J. R. Byrd,* for appellee.

The debt sued for here was contracted by the Newton Lumber and Manufacturing Company prior to the 7th of December, 1910, and while operating under the defective organization as shown above.   Section 930 of Mississippi Code of 1906, reads as follows: "Corporations shall report organization.   Every corporation organized under this chapter shall, within thirty days after such organization, make report thereof to the secretary of state, who is required to furnish blank forms for that purpose as provided in the next section.   The secretary of state shall enter each report and index the same in a record to be kept in his office for that purpose. Should such report be not made within the time required, the charter shall be null and void, and all persons doing business thereunder shall be deemed and held to be partners in the business and liable as such."

Under this section appellants are clearly liable as partners.

Appellee established his claim by uncontroverted testimony; he also established beyond a doubt that the liability was incurred by appellants while operating under said defective organization; that being true appellee was clearly entitled to peremptory instruction.

I do not think there is any merit whatever in counsel's contention that appellee is estopped.   The doctrine has no application here.   If appellee is estopped in this case then the statute is a nullity.

*Ellis B. Cooper,* for appellee.

The liability of appellants was based on the failure of appellants, who were incorporators of the Newton Lumber and Manufacturing Company, and who were doing business thereunder at the time the account was made, before that time and after it for a considerable time, to comply with the provisions of section 930, of the Code of 1906.

The declaration charges in effect ''that the charter was granted in September, 1909, and that shortly thereafter and before July, 1910, organized thereunder, that the said defendants and W. A. Brown failed to report said organization to the secretary of state as required by law within thirty days next succeeding the said organization; . . . that up to the seventh day of December, 1910, the defendants D. L. Ragland and W. D. McRaven, with W. A. Brown, conducted the business of hauling lumber and planing and doing a general wholesale and retail lumber business. . . .''

The defendants filed the general issue and a special plea. The special plea in substance set up the estoppel of appellee to deny the corporate existence of the Newton Lumber and Manufacturing Company in that he had traded with the Newton Lumber and Manufacturing Company as a corporation. A demurrer to the special plea was filed and sustained. The sustaining of this demurrer is the basis of the first assignment of error.

In the absence of an express statutory declaration as to the estoppel of persons dealing with corporations defectively organized to deny its corporate existence, there is some contrariety of opinion. Section 930, of the Code of 1906, sets at rest the question in Mississippi in so far as the defect in organization is in the failure to report the organization to the secretary of state. It does not appear that any other meaning can be drawn from the above statute. The most rigid construction of the statute is favorable to appellee. Defendants were the in-

corporators and they conducted the business under the name granted by charter. Fixing the liability of partners upon them will not be fixing the liability upon persons wholly and entirely innocent of the wrong done. For the court to hold under this statute that a person dealing with what is supposed to be a corporation as a. corporation is estopped to deny its corporate existence and hold those liable doing business under the name and guise of a corporation when it has failed to report its organization as directed in section 930, Code of 1906, would be the frustration of a clear legislative intent and design and certainly the nullification of the statute.

When the incorporators failed to report the organization within the thirty days as directed, the. legal effect of the Newton Lumber and Manufacturing Company was a partnership, made so by section 930. The doctrine of estoppel sought to be enforced or applied here would then make of a partnership a corporation and there is no escape therefrom. The sustaining of the demurrer to the special plea was clearly correct.

The second assignment of error relates to the certificate of the secretary of state introduced in evidence on the part of appellee. This certificate sets out the fact that after a search of the record no report of organization under the charter of the Newton Lumber and Manufacturing Company was found except one filed in December, 1910, long after the accrual of appellee's cause of action, a copy thereof being attached. Our contention is that under section 1972 the part of said certificate relating to the absence of a report prior to December, 1910, is admissible and that under section 1968 the copy thereof is admissible. In addition, the objection to the certificate was a general one, and as to a part thereof, viz., the copy of the report filed in December, 1910, there can be no earthly objection, and under a long line of decisions in this state the court committed no error even if we concede that a certificate as to the absence of a record is inadmissible, which we do not.

Mayes, C. J. delivered the opinion of the court.

Under section 930, Code of 1906, under the chapter dealing with corporations, it is provided that: "Every corporation organized under this chapter shall, within thirty days after such organization, make report thereof to the secretary of state, who is required to furnish blank forms for that purpose as provided for in the next section. The secretary of state shall enter each report and index the same in the record to be kept in his office for that purpose. Should such report be not made within the time required, the charter granted shall be null and void, and all persons doing business thereunder shall be deemed and held to be partners in the business and liable as such." Now the record in this case shows that some time in September, 1909, D. L. Ragland, W. D. Mc-Raven, and W. A. Brown procured a charter from the state and undertook to organize a corporation to be called the Newton Lumber & Manufacturing Company. It is beyond doubt that the organizers of this corporation failed to comply with section 930. Soon after procuring this charter, they organized and commenced to do business, but did not make report to the secretary of state, as the above-quoted statute commands. There is some little effort made by the testimony to show that the organization and report was in fact made, though not received by the secretary of state. We hardly think the proof is sufficient to establish this; but, if it did, it would not suffice, since there must be a compliance with the statute, and not an attempt to comply. The incorporators must see that the report is received as required by the statute.

While so engaged in business, and before the filing of the report, they bought from R. W. Doolittle a quantity of logs, amounting in value to eight hundred eighty-six dollars and eighty-five cents. All of these logs are shown to have been purchased between November 1, 1910, and December 5th of the same year. On the 7th day of De-

cember, 1910, and after incurring the above indebtedness, the incorporators undertook to comply with the statute, and made the following report to the secretary of state, viz.:

"Newton Lumber & Manufacturing Company. Organization Report. The Newton Lumber & Manufacturing Company, which was incorporated on the 7th day of Sept., 1909, was organized on the 7th day of Dec., 1910, at Newton, in the county of Newton, by the election of D. L. Ragland, W. D. McRaven, and W. A. Brown as directors, who elected the following officers to serve for one year, to wit: D. L. Ragland, President; W. D. McRaven, Vice President; W. A. Brown, Secy. & Mgr. The postoffice of the president is Newton, Miss. The postoffice address of the secretary is Newton, Miss. I, D. L. Ragland, was elected president of the Newton Lumber & Mfg. Co., on the 7th day of Dec., 1910, do hereby certify that the foregoing report of the organization of said company is correct and true.

"D. L. Ragland, President.

"W. A. Brown, Secretary.

"Filed December 20th, 1910.

"J. W. Power, Secy. of State.

"State of Mississippi, Office of Secretary of State, Jackson: I, Joseph W. Power, Secretary of the State of Mississippi, do hereby certify that the above and foregoing is a true and correct copy of the original of the report of organization of Newton Lumber & Mfg. Co., as filed in this office on December 20, 1910, and recorded in Book 1, page 231, of the records of organization of corporations; and I do further certify that said report is the only report of organization of said Newton Lumber & Mfg. Co. filed by me, as shown by the records. Witness my hand and the great seal of the state of Mississippi, this February 17, 1911.

"Joseph W. Power

" [Seal.]                        Secretary of State."

When the above report was made, it is seen that the incorporators had organized and had been doing business for many months before the report was made. Under such circumstances the statute declares, not only that the charter previously granted is null and void, but that the persons doing business thereunder shall be held to be partners, and be liable as such. Under the facts of this case, there is no escape from the liability fixed by the statute on those who organize and undertake to conduct business in violation of its requirements.

The proof offered to show the failure to comply with the statute is competent, and the only method of proof that appellees could adopt.

It is, however, insisted by counsel for appellant that the creditors are estopped from asserting liability on the part of the organizers as partners, because it is asserted that the creditors dealt with them as a corporation, and cannot now deny it. If such contention could avail, it would nullify the statute. When the purchase of these logs was made, the organizers incurred such liability as to payment as was imposed by law. The statute says, under such circumstances, "the charter granted shall be null and void, and all persons doing business thereunder shall be deemed and held to be partners in the business and liable as such."

The law is so written, and the facts bring the appellants literally within its terms.      *Affirmed.*