J. B. CHARLES, *et al., Plaintiffs in Error,* v. J. M. YOUNG, *et al., Defendants in Error.*

Opinion Filed November 14, 1917.

1. If the trial court was right in sustaining a motion to strike, and demurrers to the pleas of defendants to one count of plaintiffs' declaration, thus eliminating all pleas to such count, and entering judgment thereon after defendants had refused to further plead thereto, the action of the court on other questions is not material to a proper disposition of the case.

2. The plea that they "did not promise as alleged," to a special count in a declaration in an action against several defendants, sued as members of a general partnership, for a debt of a corporation of which they are stockholders is inapplicable, and may be stricken on motion.

3. A judgment will not be reversed because pleas which set up no valid or meritorious defense to a count in a declaration to which they were applicable, were stricken on motion, when the appropriate method of testing the sufficiency of such pleas is by demurrer.

4. The fact that creditors deal with and extend credit to a

concern as a corporation, does not estop them from enforcing the personal liability of the stockholders of such corporation for failure to file the affidavits of the treasurer required by Section 2652 of the General Statutes of 1906.

5. The fact that a creditor has brought suit against the corporation, and recovered judgment against it, does not make the claim upon which he sues any the less a debt of the corporation for which the stockholders are liable under the statute.

6. Where a count in a declaration is complete in itself, and states a distinct cause of action, severable from the other counts in the declaration, and the pleas applicable thereto are eliminated by appropriate orders, and defendants refuse to plead further to such count, the court is warranted upon proofs being filed, to enter judgment on such count against the defendants.

7. By the well settled rules of pleading at common law, if a defendant fails by his plea to answer the whole of the substantial allegations in any one count, or entirely omits to plead to any count in the declaration, the plaintiff has a right to take judgment as to so much of the declaration as was not covered by the plea, or upon nil decit.

Writ of Error to Circuit Court for Hillsborough County, F. M. Robles, Judge.

Judgment affirmed.

*W. M. Toomer* and *W. H. Surrency*, for Plaintiffs in Error;

*McKay, Withers & Phipps*, for Defendants in Error.

WEST, J.—This was an action brought by the defendants in error, hereinafter for convenience referred to as the plaintiffs, against the plaintiffs in error, hereinafter

for convenience referred to as the defendants, who were sued upon the theory that they were liable as partners for certain alleged debts and obligations of a corporation organized under the laws of this State in which they are stockholders because of alleged irregularities in the organization of such corporation.

The corporation of which they were alleged to be stockholders is the Hart Lumber Company, and the irregularity in its organization was its failure to file with the Secretary of State and with the Clerk of the Circuit Court in which the principal place of business of the corporation is located duplicate affidavits by its treasurer that ten per cent of its capital stock has been subscribed and paid.

The declaration filed consisted of five counts, to some of which pleas were filed, others were demurred to and a motion for compulsory amendment was made as to one. The demurrer and motion were overruled, and other pleas were filed. Upon some of the pleas issue was joined, others were stricken upon motion of plaintiffs' counsel, and one was held insufficient on demurrer. Finally upon the Court's sustaining a demurrer to what is referred to in the record as defendants "further and additional plea number three," and the defendants having refused to further plead, and there being no plea on file in said cause to the fifth count of plaintiffs' declaration, judgment by default was entered by the court against the defendants, and upon motion by counsel for plaintiffs and proofs filed, final judgment was entered by the court against them upon the fifth count of the declaration. Motion for a new trial was made by counsel for defendants and denied by the court, whereupon writ of error was sued out from this court and the case is here for review.

Various rulings of the court below on the pleadings are assigned as error, but manifestly if the court was right in granting plaintiffs' motion to strike certain of the pleas of defendants to the fifth count of the declaration, sustaining plaintiffs' demurrer to another plea to this count and entering judgment against the defendants thereon when there was no plea to this count and they had refused to plead further thereto, the action of the court on other questions is not material to a proper disposition of the case here.

We shall therefore first consider the assignments of error involving the action of the court in dealing with this count. If no error is found there it will be unnecessary to proceed further.

In this count it is alleged in substance that the defendants are stockholders in a corporation which obtained a charter under the laws of the State of Florida with the corporate name of Hart Lumber Company; that the plaintiffs duly recovered judgment against said corporation in the Circuit Court of Hillsborough County in the sum of $1,757.00 with costs of suit, a certified transcript of which is attached to and made a part of this count; that in endeavoring to collect said judgment plaintiffs have expended in costs legally assessable against the defendant in said judgment the sum of $100.00, but that no part of the judgment and costs nor interest thereon, nor the costs aforesaid, have been paid, and that at the time of the accrual of said action the said corporation had not filed with the Secretary of State of the State of Florida, or with the Clerk of the Circuit Court of Duval County in which the principal place of business of said corporation is located as provided by its charter, duplicate affidavits by its treasurer that ten (10%) per cent. of its capital stock had been subscribed and paid, whereupon

plaintiffs aver that the defendants, as stockholders of said corporation are personally liable to them for the said corporation debt as if they were members of a general partnership, and not stockholders of said corporation.

To this count defendants entered a plea that they never promised as alleged, and at the same time filed two additional pleas applicable to all the counts of the declaration, and a plea upon equitable grounds, in which they say in substance that the claim upon which plaintiffs sue is for certain moneys, goods, wares and merchandise alleged to have been furnished upon the understanding that the said Hart Lumber Company, the corporation in which the defendants are stockholders, should be liable therefor; that plaintiffs knew that said company was a corporation and in furnishing such money and merchandise dealt with it as such, and upon faith and credit extended to said company as a corporation; that at the time of bringing suit against said corporation on said account the plaintiffs knew, or by the exercise of reasonable diligence could have known that duplicate affidavits by its treasurer that ten (10%) per cent. of its capital stock had been subscribed and paid had not been filed in the office of the Secretary of State and in the office of the Clerk of the Circuit Court as required by law; that not until after plaintiffs had recovered judgment against said corporation and undertaken to enforce same by execution did they look to these defendants for satisfaction of this claim, but with full knowledge of the facts voluntarily elected to have and enforce their remedy against said corporation rather than the stockholders thereof.

It is also alleged that the treasurer of said corporation had been instructed and directed to make and file said duplicate affidavits and that in fact the total amount

of the capital stock of said corporation had been sub-
scribed and paid in.

Upon motion there pleas were stricken by the court
below, and this action is assigned as error.

There was no error in striking the first plea because
it is clearly not applicable to a count of this kind.

By the second and third additional pleas and the plea
upon equitable grounds, the defendants seek to set up
an election of remedies by the plaintiffs and a conse-
quent estoppel, and in seeking to invoke this principle say
that because the plaintiffs gave credit to the corporation
as such, and first brought suit against it in an effort
to collect the amount due by it on said account that it
cannot now maintain this action against the defendants.

The statute making stockholders liable as partners for
the debts of a corporation in a case of this kind is Section
2652 of the General Statutes of 1906. This section is as
follows: "No corporation shall transact any business
until it has had the letters patent with a certified copy
of the charter recorded in the office of the clerk of the
circuit court of the county wherein the principal place
of business is located, and has also filed with the Secre-
tary of State and with the said clerk (except in the case
of building and loan associations) duplicate affidavits by
its treasurer that ten per cent. of its capital stock has
been subscribed and paid. If any corporation shall trans-
act any business before complying with these require-
ments, or if any corporation chartered by a special act
of the Legislature shall transact any business before filing
said duplicate affidavits and paying the charter fees
required by law to the Secretary of State for the State
treasury, its stockholders, or in the latter case its incor-
porators and stockholders, shall be personally liable for
all of the corporation debts as if they were members

of a general partnership and not stockholders of a corporation."

In considering a case brought to this court upon writ of error to the Circuit Court of Escambia County in which stockholders were sued upon the theory that they were liable for the debts of the corporation of which they were stockholders, where a similar contention was made, this court in a well considered opinion by Mr. Justice CARTER in the case of Heinberg Bros. v. Thompson, 47 Fla. 163, 37 South. Rep. 71, said: "The statute does not prescribe a penalty or forfeiture for failure to perform duties, but imposes or continues a contract obligation upon stockholders (*Flash* v. *Conn.,* 16 Fla. 429; *Flash* v. *Conn.,* 109 U. S. 371, 3 Sup. Ct. Rep. 623), which may be enforced by creditors of the corporation against the stockholders where the letters patent or affidavits are not filed as required. The fact that the plaintiff dealt with the association as a corporation does not estop it from suing under this statute, for the statute imposes a liability upon the stockholders in addition to that resting upon the corporation, and it does not substitute the remedy against the stockholders for the remedy against the corporation, nor require an election of remedies as between them. This had been frequently held, and the propriety of so holding is not questioned by the defendants in error here."

In the later case of Humphreys v. Drew, 59 Fla. 295, 52 South. Rep. 362, this court again said that the fact that one deals with and extends credit to a corporation does not estop him from enforcing the personal liability of the stockholders of such corporation for failure to comply with the provisions of this statute.

To hold that because one has dealt with a corporation

as such and extended credit to it estops him from assert-
ing afterwards, in a case of this kind, that the stock-
holders are liable as partners for the debts of such cor-
poration would nullify the statute for the reason that
the corporation ·can have no debts until some one has
dealt with it and credit has been extended to it as a
corporation. And the fact that a creditor has brought
suit against. the .corporation 'and recovered judgment
against it does not make. the claim upon which he sues
any the less a debt of the corporation for which the
stockholders, are liable under this statute. Heuer v. Car-
michael, 82 Iowa 288, 47 N. W. Rep. 1034; Kruse v. Hum-
pert, 21 Ky.·Law 985, 53 S. W. Rep 657; Ragland v. Doo-
little, 100 Miss. 498, 56 South. Rep. 445. Other. cases
of like import are collected in a Note to Section 233,
Cook on Corporations (Seventh Edition), but no useful
purpose would be served in discussing them since we are
dealing with a statute of this State which has several
times been considered and applied by this court in cases
similar to this. Inasmuch as the .pleas of defendant set
up no valid defense to plaintiffs claim, no reversible
error was committed by the court in granting the motion
to strike them. It may be as insisted in the brief. of
counsel that a demurrer was the appropriate method of
testing the sufficiency of these pleas, but. since they set
up no meritorius defense to the count of plaintiffs' dec-
laration under consideration and would have been held
insufficient on demurrer the judgment of the court below·
should not be reversed by this court because the plaintiffs
pursued a method not technically proper in testing the
sufficiency of defendants' pleas.

The next assignment necessary to be considered is the
alleged error of the trial court in denying defendants'
motion for a new trial. The grounds of this ·motion

20—Vol. 74.

pertinent to this inquiry are that the court erred in entering default judgment against the defendants upon the fifth count of the declaration without some formal disposition being made of the issues presented upon the remaining counts of the declaration, and in entering final judgment against the defendants on this count.

The judgment appealed from was entered by the court after a demurrer to defendants' "further and additional plea numbered three" had been sustained by the court, and the defendants had refused to further plead in said cause. The judgement recites that the court having ascertained from an inspection of the files of said cause that there is no plea in the record to the fifth count of plaintiffs' declaration, and the plaintiffs having moved for judgement by default against the defendants default judgment on said count was entered, whereupon upon proofs being filed final judgment was entered by the court against them. It is contended here that the entry of judgment on this count of the declaration without first disposing of other questions of pleading in the case was unauthorized. We cannot accept this view. The fifth count of this declaration is complete in itself. It stated a distinct and complete cause of action against the defendants, severable from the other counts, and when the pleas applicable to this count were eliminated by approriate orders of the court and defendants refused to further plead in the cause, the court was fully warranted in proceeding upon proofs being filed, to enter judgment on this count against the defendants. 23 Cyc. 747; Curran v. Kerchner, 117 N. C. 264, 23 S. E. Rep. 177; Southall's Adm'r. v. Exchange Bank, 12 Gratt. (a.) 312; Rundlett v. Weeber, 3 Gray (Mass.) 263; Fitch v. Polke, 5 Blackf. (Ind.) 86; Desha's Exrs. v. Robinson Admr., 17 Ark. 228; Henry v. Meriam & Morgan

Paraffine Co., 83 Ill. 461; Dwight v. Holbrook, 1 Allen (Mass.) 560.

In the last cited case the Supreme Court of Massachusetts considering this question said: "By the well settled rules of pleading at common law, if a defendant fail by his plea to answer the whole of the substantial allegations in any one count, or entirely omitted to plead to any count in the declaration, the plaintiff had a right to take judgment as to so much of the declaration as was not covered by the plea, as upon a *nil dicit.*"

The judgment of the court below having been properly entered against the defendants on this count of the declaration, there was no error in refusing to set it aside and grant defendants' motion for a new trial. Having reached this conclusion, a consideration of other assignments is unnecessary.

Plaintiffs in error having failed to make it appear that there was error in the entry of the judgment to which this writ of error was taken, the judgment will be affirmed.

It is so ordered.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.