Hanson and others, Appellants, vs. Martin and others, Respondents.

*December 10, 1926—January 13, 1927.*

*Corporations: Defective organization: Stockholder's liability to other stockholders who guaranteed and paid debt of corporation: Contribution: Estoppel.*

1. Plaintiffs, who were officers and directors of a corporation which had commenced business before fifty per cent. of its authorized capital had been subscribed, indorsed and guaranteed notes of the corporation to a bank and were later compelled to pay them.  In an action by the guarantors against other stockholders for contribution on the theory. that all stockholders were liable under sec. 180.06, Stats., it is *held* that the corporation was liable to plaintiffs because of an implied promise of indemnity, but that this was a transaction between the corporation and its members not prohibited by the statute.  p. 42.

2. Such officers and directors, who for a long period, knowing the facts, held out the corporation as legally organized, are estopped from denying its corporate existence even if they had taken an assignment of the judgment on paying it.  p. 43.

3. The bank would not have been estopped to assert liability under the statute because it had dealt with the corporation as a valid organization, as such an estoppel would operate to nullify the statute.  p. 43.

Appeal from a judgment of the circuit court for Trempealeau county: James Wickham, Judge.  *Affirmed.*

A number of farmers attempted to organize a corporation called the Blair Farmers Exchange, subscriptions were signed, a meeting of the subscribers was held, and the corporation commenced business in 1910.   Its present officers and directors from time to time gave corporate notes to the Home Bank of Blair, of which they became joint indorsers and guarantors.  In 1921 the corporation suspended business and in 1923 the bank sued upon the unpaid notes, joining as defendants those officers and directors, the plaintiffs in this case, who had indorsed and guaranteed the notes.   The bank

had judgment, the officers and directors paid the judgment, and now seek contribution from the other stockholders on the ground that less than fifty per cent. of the authorized capital of the corporation had been subscribed at the time they assumed their liability as guarantors, on the theory that all of the subscribers were jointly liable under sec. 180.06, Stats.

Upon the trial the court found in favor of the defendants and judgment was entered dismissing the complaint, from which the plaintiffs appeal.

For the appellants there were briefs by *Q. H. Hale* and *G. W. Bunge,* both of La Crosse, and oral argument by *Mr. Hale.*

For the respondents there were briefs by *Higbee & Higbee* of La Crosse, and oral argument by *Jesse E. Higbee.*

ROSENBERRY, J.   Two questions were raised by the assignments of error in this case: first, it is contended that the finding of the trial court that more than fifty per cent. of the stock in the Blair Farmers Exchange was duly subscribed is against the clear preponderance and great weight of the evidence; second, that the court erred in refusing plaintiffs a trial by jury.   The defendants urge that there was no error and also seek to support the judgment on the ground that the plaintiffs in this action are estopped from maintaining an action against other stockholders under the provisions of sec. 180.06, Stats., for the reason that the plaintiffs had for many years dealt with and acted for and on behalf of the corporation as such.   *Maxcy v. Peavey,* 177 Wis. 140, 187 N. W. 1020; *Blum Bros. Box Co. v. Stumbaugh,* 189 Wis. 254, 207 N. W. 270.

This contention is met by plaintiffs with the claim that it fails to distinguish between the doctrine of estoppel as applied to an officer or creditor denying the corporate existence of a *de facto* corporation and such officer or creditor seeking

to enforce a statutory liability imposed for incomplete organization; and the plaintiffs further claim that corporate creditors and officers in this regard are similarly situated. A brief analysis of the situation disclosed by the record in this case sufficiently answers plaintiffs' contention.

In the name of the corporation the plaintiffs as officers and directors of the corporation entered into a contract with the bank according to the terms of which the corporation became obligated to pay to the bank certain sums of money. The plaintiffs guaranteed to the bank that the corporation would perform its contract, and that in the event of the failure of the corporation to perform the plaintiffs would perform the contract, *i. e.* discharge the corporate obligation to the bank. This was in effect a transaction by which plaintiffs loaned to the corporation their credit. The corporation failed to perform and the bank began an action, not on a statutory liability but on the note of the corporation and the contract of guaranty given to it by the plaintiffs; the bank having failed to satisfy its claims from corporate property, the defendants were compelled to pay the judgment, which they did, and the judgment was discharged. The basis of the liability asserted in this action is the implied promise of the corporation that it would reimburse the guarantors in the amount paid by them in the discharge of its obligations. The amount paid to the bank simply measures the extent of the corporation's liability to the plaintiffs. Manifestly, the liability of the corporation upon its implied promise to repay the guarantors the amount paid by them in discharge of the corporate obligations is a transaction between the corporation and the members of the corporation. Such a transaction does not fall within the prohibition of the statute.

Sub. (3), sec. 180.06, Stats., provides:

"No such corporation shall transact business *with any others than its members* until at least one half of its capital stock shall have been duly subscribed and at least twenty

per centum of its said capital stock actually paid in; and if any obligation shall be contracted in violation hereof, the corporation offending shall have no right of action thereon; but the signer or signers of the articles and the subscriber or subscribers for stock transacting such business or authorizing the same, or having knowledge thereof, consenting to the incurring of any debt or liability, as well as the stockholders then existing, shall be personally liable upon the same."

The implied obligation of the corporation which is asserted here as a basis of recovery against the defendants is one arising between the corporation and members of the corporation, and not one contracted in violation of the statute. We have been cited to no case and we find no case exactly parallel with this case, but upon principle we can arrive at no other conclusion than that no liability exists on the part of the defendants to the plaintiffs under the facts in this case.

Even if the plaintiffs had taken an assignment of the judgment procured by the bank against the corporation they would still be estopped from denying corporate existence. In addition to the cases already referred to, see *Bushnell v. Consolidated Ice Mach. Co.* 138 Ill. 67, 27 N. E. 596; *Heald v. Owen,* 79 Iowa, 23, 44 N. W. 210.

No doubt the bank might have elected to assert against the corporation the fact that it was not validly organized under the provisions of sec. 180.06. The fact that the bank dealt with the corporation as such does not estop it to assert liability under the statute for the reason that such an estoppel would operate to nullify the statute. *Loverin v. Mc-Laughlin,* 161 Ill. 417, 44 N. E. 99; *Ragland v. Doolittle,* 100 Miss. 498, 56 South. 445; 1 Fletcher, Corp. § 350, and cases cited. It however elected not to assert such a liability and the plaintiffs are in no position to do so.

The facts in the instant case illustrate the reasons for the rule. The plaintiffs better than any one else knew, or at least should have known, whether or not the corporation was

legally and properly organized and had. complied with the law. By holding it out as a legally organized corporation and doing business in its name and for and on its behalf for many years, they in effect represented that it was such a corporation. They cannot now, as against their fellow stockholders, retrace their steps and claim that the corporation with and for whom they dealt for so many years never had a legal existence and so compel their fellow stockholders to share a liability which they voluntarily assumed. In view of the conclusion at which we have arrived, we do not find it necessary to discuss other questions raised.

*By the Court.*—Judgment affirmed.