NEBRASKA NATIONAL BANK OF YORK V. NELSON M. FERGUSON ET AL.

FILED SEPTEMBER 16, 1896.    No. 6688.

1. **Corporations:** EXECUTION OF NOTES. *Promissory notes purporting to be executed by a corporation construed to be the obligations of the corporation, and not of the members thereof.*

2. ————: CORPORATE EXISTENCE: ESTOPPEL. *When a party contracts with, sues, and obtains judgment against an imperfectly organized corporation, he is estopped from denying its corporate existence, and is precluded from recovering from its members individually, as if they were partners, upon the same indebtedness.*

ERROR from the district court of York county. Tried below before BATES, J.

*Sedgwick & Power*, for plaintiff in error.

References: *Attorney General v. Lorman*, 59 Mich., 157; 14 Am. & Eng. Ency. Law, 269, 270; *Lawrence v. Allen*, 7

How. [U. S.], 785; *In re Kenyon,* 1 Utah Ter., 47; *Abbott v. Omaha Smelting & Refining Co.,* 4 Neb., 416; *Capps v. Hastings Prospecting Co.,* 40 Neb., 470; Cook, Stock & Stockholders [2d ed.], sec. 709; 1 Morawetz, Corporations [2d ed.], sec. 238; *Herron v. Cole Bros.,* 25 Neb., 692.

*Gilbert Bros.* and *N. V. Harlan, contra.*

References: *First Nat. Bank of Davenport v. Davies,* 43 Ia., 424; *Harrod v. Hamer,* 32 Wis., 162; *Mokelumne Hill Canal & Mining Co. v. Woodbury,* 14 Cal., 427; *Raisbeck v. Oesterricher,* 4 Abb. N. C. [N. Y.], 444; *Cross v. Pinkneyville Mill Co.,* 17 Ill., 54; *Langan v. Moingona Coal Co.,* 49 Ia., 371; *Smith v. Steele,* 8 Neb., 115; *Doolittle v. Marsh,* 11 Neb., 243; *Howell v. Roberts,* 29 Neb., 483; *Fay v. Noble,* 7 Cush. [Mass.], 188; *First Nat. Bank of Salem v. Almy,* 117 Mass., 476; *Stout v. Zulick,* 48 N. J. Law, 599; *Planters & Miners Bank v. Padget,* 69 Ga., 164; *Merchants & Manufacturers Bank v. Stone,* 38 Mich., 779; *Humphreys v. Mooney,* 5 Colo., 282; *Central City Savings Bank v. Walker,* 66 N. Y., 424; *Gartside Coal Co. v. Maxwell,* 22 Fed. Rep., 197; *Whitney v. Wyman,* 101 U. S., 392; *Globe Publishing Co. v. State Bank,* 41 Neb., 175; *Cresswell v. Oberly,* 17 Brad. [Ill.], 281; *Pochelu v. Kemper,* 14 La. Ann., 307; *Estey Mfg. Co. v. Runnels,* 20 N. W. Rep. [Mich.], 823; *Lombard v. Chicago Sinai Congregation,* 64 Ill., 479; *Humphries v. Spafford,* 14 Neb., 488; *McClure v. Warner,* 16 Neb., 447; *State v. Minnesota Thresher Mfg. Co.,* 41 N. W. Rep. [Minn.], 1020; *Densmore v. Red Wing Lime & Stone Co.,* 48 N. W. Rep. [Minn.], 528.

NORVAL, J.

This action was instituted in the county court by the Nebraska National Bank of York against Nelson M. Ferguson and others to recover from defendants, as stockholders of the York Butter & Cheese Company, the amount of two promissory notes executed by said company. A general demurrer filed by the defendants to

plaintiff's bill of particulars was sustained and the action dismissed by the county court. The bank thereupon prosecuted proceedings in error to the district court, where the judgment of the county court was affirmed. The plaintiff has brought the case to this court for review.

The bill of particulars avers, in substance, that on or about the 25th day of May, 1889, the defendants pretended to form a corporation under the name of York Butter & Cheese Company, and executed pretended articles of incorporation, elected officers, issued stocks in said corporation, and the defendants subscribed for said stock; that said pretended articles of incorporation provided, among other things, that "the business of this corporation shall be the manufacture of butter and cheese, and the purchase of milk and cream and such other property as may be necessary in connection with said business, and the corporation may purchase and hold, and convey and incumber, such real estate as may be necessary for the carrying on of such business, or as may be offered it in payment, or as security for claims owned by the corporation, and may purchase, raise, and deal in such live stock and other property as may be thought best by the board of directors in connection with the said business. The indebtedness of this corporation shall never exceed one-half of its paid up capital." It is further alleged that the defendants did not file said articles of incorporation, or a copy thereof, with the secretary of state, and did not file with the secretary of state any certificate executed by the defendants, or any one of them, so that said defendants became individually liable for the indebtedness of such pretended corporation; that the paid up capital did not at any time amount to more than $5,500, yet the defendants from time to time held meetings and voted to incur indebtedness exceeding one-half of the paid up capital; that on or about the 22d day of February, 1890, and on the 10th day of March, 1890, in the name of the said butter and cheese company,

they borrowed money from the plaintiff and gave its promissory notes therefor, one for the sum of $513.50 and the other for $850; that the indebtedness of the company at and prior to the borrowing of the money exceeded one-half of the paid up capital of the company; that said notes were executed in the name of the "York Butter & Cheese Company, by F. A. Bidwell, president, J. D. White, secretary;" that plaintiff, on November 3, 1890, recovered judgment on said notes against said butter and cheese company for the sum of $778.58, no part of which has been paid, except $281.18. It is also alleged that the corporation at the time of the borrowing of the money was, and now is, insolvent; that no notice of the existing debts of the corporation has ever been published in a newspaper, as required by law, and that by reason thereof "said defendants are personally liable for the debts contracted by the said corporation."

It will be observed that the notes mentioned in the pleadings were signed "York Butter & Cheese Company, by F. A. Bidwell, president, J. D. White, secretary," and not with the individual names of the defendants, who were stockholders of the corporation. The instruments, as we gather from the averments of the bill of particulars, purport to be executed by and to be the obligations of the corporation. It does not appear that defendants are anywhere named as parties to them, either directly or impliedly. The corporation alone is designated as the party to be bound, and as it is not alleged or disclosed that the instruments are ambiguous, extrinsic evidence could not be resorted to to show that their effect and purport are different from that which the language employed plainly and unequivocally denotes; hence the notes must be construed to be the obligations of the corporation. It is true it is averred that the defendants borrowed the money for which the notes were given, but it is manifest from the entire pleading the loans obtained were corporate transactions, and corporate debts were incurred. Credit was extended the corporation, and

plaintiff must have so regarded it, else it would not have accepted the notes of the corporation and brought suits and recovered judgments against it thereon. But it is said that the corporation was not liable for the money borrowed, because stockholders, as such, are powerless to transact corporate business, and that a corporation must contract through its directors, and not its stockholders. It is not averred that the board of directors of the York Butter & Cheese Company did not authorize the borrowing of the money. Moreover, the company recognized and ratified the transaction as valid and binding, by permitting judgments to go against it, as fully as if the notes upon which they were entered had been executed by its directors.

It is argued that the defendants were associated together for the purpose of engaging in the business of manufacturing; that the filing with the secretary of state of the articles of incorporation, or certificate of incorporation of a manufacturing company, is a condition precedent to the existence of any corporate franchise, and that since they were not so filed the defendants are liable as general partners. On the other hand, the defendants insist that the company was not exclusively a manufacturing corporation, and, therefore, under the general corporation law it was not necessary that the articles should be filed with the secretary of state, but the filing thereof with the county clerk was sufficient. It is unnecessary to consider or decide the question argued. Assuming for the purpose of this case, without deciding the point, that such filing with the secretary of state was indispensable to the formation of a *de jure* corporation, nevertheless it is now too late for plaintiff to insist upon a partnership or individual liability of the defendants. It is precluded from doing so by bringing actions upon the notes and recovering judgments against the York Butter & Cheese Company. 1 Cook, Stock & Stockholders [2d ed.], sec. 243, reads as follows: "In all cases, however, in which the members of an association might have

been held liable as partners, the right of the creditor to enforce that liability is barred by his bringing suit and obtaining judgments against the supposed corporation." In *Cresswell v. Oberly*, 17 Brad. [Ill.], 281, it is said: "But while the evidence fails to show a corporation fully organized at the time the indebtedness in question accrued, we think the plaintiffs are precluded from alleging that its organization was not then complete. They have elected to treat said indebtedness as an indebtedness of the corporation, and to sue the corporation and obtain judgment against it therefor. So far as they are concerned, all question on that subject should be deemed to have been foreclosed. The judgment having the effect of an admission by the plaintiffs, in the most solemn form, that the claim for which it was recovered was the debt of a corporate body, and therefore a debt in respect to which the members of the association were exempted from liability as partners, it should be held to operate against the plaintiffs as an estoppel." To the same effect is *Pochelu v. Kemper*, 14 La. Ann., 307; *Lombard v. Chicago Sinai Congregation*, 64 Ill., 477.

In addition to the recovery of judgments against the York Butter & Cheese Company upon the indebtedness made the foundation of this suit, plaintiff actually dealt with said company as a corporation, and therefore its corporate existence cannot be assailed by plaintiff in this action. As the liability of the defendants by reason of the company creating an indebtedness exceeding the statutory limit, and failing to give the annual notice of its indebtedness, is not argued in the brief of plaintiff, it will not be considered. The judgment is

AFFIRMED.