CLAUSEN, Appellant, vs. HEAD and others, Respondents.

*April 13 — April 30, 1901.*

*Partnership: Assumption of corporate powers: Status as corporation: Estoppel: Election between remedies: Privity:* Res adjudicata: *Intent: Presumptions.*

1. Where a person deals with an association of individuals as a corporation, such dealing, by estoppel, as to such transaction, fixes the status of the company to be what it was represented and recognized to be therein.

2. Where certain persons associated together assumed to be a corporation, and as such executed an assignment for the benefit of creditors, and a creditor filed his claim in such assignment proceedings, the claim, if in existence against the association in any capacity, became a claim against the company as a corporation and the assignee in his representative capacity.

3. Even though the creditor, before filing his claim, was not bound by estoppel to recognize the association, as a corporation, as his debtor, and could have proceeded against the association as a corporation, outside of or within the assignment proceedings, or against the members thereof as partners, yet having made an election between the two courses, with knowledge of the facts, by filing his claim with the assignee of the corporation as such, he thereby waived the one not chosen.

4. There is no such privity between the members of a corporation and the corporation, that a judgment between a third person and the corporation is *res adjudicata* in subsequent litigation as to the same or any other cause of action between such person and the members of the corporation.

5. The principle that a person may sue a corporation and proceed to final judgment without prejudice to his thereafter suing upon the same cause of action, or another cause of action involving the same wrong, against the members of such corporation, applies where there are independent causes of action or remedies against such members and the corporation, that may be pursued regardless of each other, for independent satisfactions where there are independent wrongs, or a single satisfaction where there is but a single wrong, and the two remedies are not inconsistent.

6. The doctrine that intent to make choice between inconsistent remedies is essential to a choice, and that absence of such intent will relieve one from the effect of the pursuit of one of the remedies, applies only where action in the first instance was taken in ignorance of the facts; but where knowledge of the facts exists, intent is conclusively presumed as a matter of law, and such presumption cannot be affected by any declaration or reservation of a right to take a different and inconsistent course at a subsequent time.

APPEAL from a judgment of the circuit court for Kenosha county: FRANK M. FISH, Circuit Judge. *Affirmed.*

Action on a contract to recover of defendants as partners the sum of $1,000. Defendants, for some time prior to 1895, pretended to be a corporation by the name of Dan

Clausen vs. Head and others.

Head & Co., and as such carried on a banking business in the city of Kenosha, Wisconsin. At the time named, the company, as a corporation, made an assignment to George Hale for the benefit of creditors. Pursuant thereto said assignee took possession of the assets of the ostensible assignor and proceeded to administer his trust. Plaintiff, pretending to have a claim against said company, with knowledge that it was a mooted question whether the association was a corporation or a partnership, filed his claim in the assignment proceeding, using this language: "This deponent does not admit that Dan Head & Co. is a corporation and does not waive his right to proceed against them or either of them as partners." The assignee filed objections to the claim, and such proceedings were thereafter duly taken that an issue was presented for judicial determination as to whether the claim represented indebtedness of Dan Head & Co. or a liability of one Urban J. Lewis. Such proceedings were duly taken for the final determination of such issue that it was decided, in the circuit court having charge of the assignment proceedings, in favor of the assignee. A judgment was duly rendered to that effect, an appeal was taken from such judgment to this court, and a decision was here rendered affirming the judgment of the court below. *Clausen v. Hale*, 96 Wis. 100. February 2, 1900, in *Slocum v. Head*, 105 Wis. 431, it was decided that Dan Head & Co. was not a corporation, but a partnership; but that the association known by such name might have the status of a corporation by estoppel as to persons who dealt with it as such. Subsequent to the last occurrence referred to, this action was brought against the members of the firm of Dan Head & Co. as partners. The relief sought in the action was the same as that involved in the aforesaid issue formed in the assignment proceedings. The answer to the complaint raised for decision the question of whether the former adjudication of the claim, under the doctrine of *res adjudicata*

or the doctrine of estoppel, or both, precluded plaintiff from retrying the question as against defendants, or whether his claim represented indebtedness of Dan Head & Co. The question was decided in favor of defendants, and from the judgment accordingly entered this appeal was taken.

For the appellant there were briefs by *Baker & Baker*, attorneys, and *Wallace Ingalls* and *A. L. Sanborn*, of counsel, and oral argument by *Mr. Sanborn*, *Mr. Ingalls*, and *Mr. N. L. Baker*.

*Peter Fisher*, for the respondents.

MARSHALL, J. The judgment must be affirmed upon several grounds, either of which is sufficient. If appellant, in the transaction out of which the alleged claim arose, dealt with the association known as Dan Head & Co. as a corporation, such dealing, by estoppel, as to such transaction, fixed the status of the company to be what it was represented and recognized to be therein. *Slocum v. Head,* 105 Wis. 431. If the dealings with the association, if any such were had, were not with it in the capacity mentioned, since it appears beyond dispute that when the claim was filed with the assignee appellant recognized, for the purposes of the proceeding, the existence of Dan Head & Co. as a corporation and the assignment as that of such corporation, thereby, if the situation were otherwise before, the claim, if in existence against Dan Head & Co. in any capacity, became by estoppel a claim against the company as a corporation and the assignee in his representative capacity as assignee thereof. If appellant, before filing his claim, was not bound by estoppel to recognize Dan Head & Co., as a corporation, as his debtor, if the company was indebted to him at all, he had two remedies to enforce it, which were inconsistent with each other. He could proceed against the association outside of or in the assignment proceedings, as a corporation, or against the members thereof as part-

ners. Having made an election between two courses, with knowledge of the facts, he waived the one not chosen. *Warren v. Landry*, 74 Wis. 144; *Bank of Lodi v. Washburn E. L. & P. Co.* 98 Wis. 549; *Carroll v. Fethers*, 102 Wis. 436; *Barth v. Loeffelholtz*, 108 Wis. 562; *Fuller-Warren Co. v. Harter*, *ante*, p. 80.

The foregoing propositions are so well settled, and the application thereof to this case so clear, that a mere statement of them, with the facts, is deemed sufficient to show that they justify the judgment appealed from and require its affirmance, regardless of whether or not it was rendered upon such grounds.

We fully agree with counsel for appellant that there is no such privity between the members of the corporation and the corporation that a judgment between a person and the latter is *res adjudicata* in subsequent litigation as to the same or any other cause of action between such person and the former (Wells, Res Adjudicata, § 179; *Finney v. Guy*, 106 Wis. 256); and that if the judgment in this case were dependent on the doctrine of *res adjudicata* it could not stand. The principle that a person may sue a corporation and proceed to final judgment without prejudice to his thereafter suing upon the same cause of action or another cause of action involving the same wrong against the members of such corporation, applies where there are independent causes of action or remedies against such members and the corporation, that may be pursued regardless of each other, for independent satisfactions where there are independent wrongs or a single satisfaction where there is but a single wrong, and the two remedies are not inconsistent. Such was not the situation of appellant when he filed his claim with the assignee of Dan Head & Co. He neither had nor claimed to have more than one wrong to be redressed. If his dealings in the transaction out of which his alleged claim arose were with the association as a corpora-

tion, he had no remedy at all which involved a denial of corporate existence. At best he had two remedies which were inconsistent, one against the corporation, and one against the members thereof. He was where he could take either of two roads, but not both. The roads reached out in different directions, so that to travel one necessarily required the abandonment of the other, and the choice of one, with knowledge of the facts, destroyed beyond recall the opportunity to take the other. If plaintiff had possessed two entirely independent remedies, not inconsistent with each other, as in *Barth v. Loeffelholtz, supra,* or had but one remedy for a single wrong and failed in the first instance to pursue it (*Fuller-Warren Co. v. Harter, supra; In re Van Norman,* 41 Minn. 494; *Gould v. Blodgett,* 61 N. H. 115; *Schrepfer v. Rockford Ins. Co.* 77 Minn. 291), the situation now would be different. Here, taking appellant at the best for him, there were two remedies each of which required an adjudication of whether the debt involved was that of Lewis. If the indebtedness was not against Lewis, it was indebtedness of Dan Head & Co. as a corporation or as a partnership at the choice of plaintiff, but not the indebtedness of both the corporation and the members thereof. His situation was no better than that of a person who has dealt with another as principal when such other is in fact the agent for third persons. Such person can pursue either the ostensible or actual principal at his election, but not both. Mechem, Agency, § 698. The ostensibly artificial person, Dan Head & Co., by those actively managing the business, was, at appellant's election, either the principal or the agent of those brought into court in this action as defendants. He made his election and the legal consequence was that it precluded him from thereafter taking a different course.

It is suggested that a choice of remedies presupposes intent to make a choice; that without such intent the rule we have discussed does not apply; also, that evidence was erro-

neously excluded which, if admitted, would have shown an understanding between appellant and respondents, when the claim was filed with the assignee, that such filing and the prosecution of the claim in the assignment proceedings should not prejudice appellant's right to proceed against the members of the corporation as partners, and that the reservation of that right expressed in the claim was placed therein by the procurement of respondents, to induce appellant to believe that his rights as to the members of the corporation would not be jeopardized by proceeding against the assignee; that appellant not only did not intend to make an election of remedies, but that respondents are estopped by their conduct from invoking the former judgment as a bar to the prosecution of this action. The two propositions are so tied together, seemingly, that we have stated and will treat them in that way. The doctrine that intent to make a choice between inconsistent remedies is essential to a choice, and that absence of such intent will relieve one from the effect of the rule we have discussed, applies only where action in the first instance was taken in ignorance of the facts. Mechem, Agency, § 699; 7 Ency. of Pl. & Pr. 366. Where knowledge of the fact exists, intent is conclusively presumed as a matter of law; and such presumption cannot be affected by any declaration or reservation of a right to take a different and inconsistent course at a subsequent time. There is no evidence in the record indicating that appellant acted in ignorance of the facts. All the indications are to the contrary. Nor was any evidence excluded, so far as disclosed by the questions or claimed by counsel, that, had it been admitted, would have shown ignorance. The representations suggested, which the evidence excluded would have shown, admitting that they were made as fully as counsel for appellant claim, referred only to the right to hold the members of the firm or corporation of Dan Head & Co. personally liable for indebtedness due from

such company, in any capacity. The idea advanced here is that appellant, in effect, entered upon a contest with the company as a corporation, as to whether his claim represented indebtedness of such company, with the right reserved by agreement with the members of the company and expressed in his filed claim, in case he failed, to renew the contest in a second action against the members of the company as partners. That is clearly outside of the fair meaning of the reservation in the claim and the oral agreement counsel claims was made.

*By the Court.*— The judgment is affirmed.