Blum Brothers Box Company, Respondent, vs. Stumbaugh and others, Appellants.

*January 15—February 9, 1296.*

*Corporations: Taking over assets of sole trader: Failure to pay in required proportion of stock: Liability of stockholders: Necessity of express promise of corporation: Creditor pursuing remedy against corporation: Estoppel.*

1. Stockholders in a corporation which took over the assets of a sole trader before twenty per cent. of the stock was paid in are not liable under sub. (3), sec. 180.06, Stats., to a creditor of such trader, in the absence of an express agreement. p. 257.

2. The assignee of an insolvent corporation for the benefit of creditors represents the creditors and not the stockholders, and therefore a judgment rendered against the corporation in assignment proceedings is not *res adjudicata* in an action by a judgment creditor to enforce the claimed stockholders' liability under said sub. (3), sec. 180.06.   p. 257.
3. Filing a claim by a creditor of the sole trader with the assignee of the corporation and the acceptance of a dividend estops such creditor from thereafter enforcing the liability of the stockholders under said sub.' (3), sec. 180.06.   p. 258.

APPEAL from a judgment of the circuit court for Price county: G. N. RISJORD, Circuit Judge. *Reversed.*

For the appellants there was a brief by *Carow & Goodsit* of Ladysmith and *H. J. Blanchard* of Phillips, and oral argument by *Mr. Blanchard.*

For the respondent there was a brief by *Pors, Edwards & Pors* of Marshfield and *J. A. DeBardeleben* of Phillips, and oral argument by *Mr. DeBardeleben.*

OWEN, J.   This action involves the personal liability of the stockholders of the Kennan Creamery & Produce Company, a domestic corporation.   It appears that one R. A. Jesse operated a creamery at Kennan.   He became financially involved, and insolvency was imminent.   Jesse induced citizens of the vicinity, who were interested in a continuance of the creamery, to organize a corporation to take over the business.   The Kennan Creamery & Produce Company was organized.   Articles of incorporation were filed, and before twenty per cent. of the stock was paid in the defendants were elected directors and entered into negotiations with Jesse for the purpose of securing title to real estate and machinery owned by Jesse and by him used in connection with the creamery business.   There were certain incumbrances on the property in the nature of mortgages and mechanics' liens.   Jesse was asked to furnish a statement of the amount that the corporation would have to pay if it took over this property.   Jesse submitted a statement in response

to this request, indicating an indebtedness of $12,365, for which the corporation would become liable if it took over the buildings and machinery constituting or connected with the creamery plant. The items of indebtedness entering into this total do not appear, but it does appear that it did include certain mortgages and claims for lumber, material, and labor constituting liens thereon. Although the record is not clear, we infer that as a result of these negotiations with Jesse the corporation did take over title to the creamery plant, that Jesse received a certain amount of stock in the corporation, and continued as manager. From admissions made in the briefs, it seems that twenty per cent. of the stock was never paid in, although that is not regarded as material. It ran about two months, when it made an assignment for the benefit of creditors under the state statute.

The plaintiff and its assignor had sold certain boxes to Jesse before the organization of the corporation. It filed a claim with the assignee for the amount of these boxes. Judgment was rendered against the assignee for the value of said boxes, and plaintiff received a *pro rata* dividend from the assignee on its judgment. This action is brought against the defendants to recover the unpaid balance. Liability is predicated on the alleged fact that the defendants agreed with Jesse to pay the claim before twenty per cent. of the stock of the corporation was paid in, making them personally liable under the provisions of sub. (3), sec. 180.06, Stats.

We see no theory upon which the judgment can be sustained. The boxes were furnished to Jesse upon his credit, before any steps were taken to organize the corporation. The record leaves the question whether the corporation took over these boxes or any portion of them from Jesse very much in doubt, but that fact seems immaterial. The record is silent as to any agreement on the part of the defendants, acting either for themselves or in behalf of the corporation,

Blum Bros. Box Co. v. Stumbaugh, 189 Wis. 254.

to pay the claim of plaintiff growing out of the furnishing of such boxes. The respondent relies upon the rule stated in *Blumenthal v. Schneider*, 186 Wis. 588, 590, 203 N. W. 393, that "where a sole trader incorporates and the corporation takes over all his assets, continues the same business at the same place with substantially the same name and under substantially the same ownership equitably, . . . a strong inference arises that it assumes the liabilities of the sole trader." But this is not a case where a sole trader incorporates and continues the same business under substantially the same ownership. The transaction here amounted to the organization of a new corporation and the introduction into the business of new owners and new capital. The doctrine of *Blumenthal v. Schneider* has no application. No such inference arises from this transaction. Plaintiff must recover upon an express agreement, of which there is not a scintilla of proof in the record. Neither the corporation nor the incorporators agreed to pay this claim.

Respondent contends that the judgment rendered against the corporation in the assignment proceedings is *res adjudicata* upon the appellants. While in certain cases the stockholders are bound by judgments rendered against the corporation, this is so only where the corporation acts as the representative of the stockholders. But it is settled in this state that the assignee of an insolvent corporation does not so act. The assignee represents the creditors, not the stockholders. *Finney v. Guy*, 106 Wis. 256, 82 N. W. 595; *Clausen v. Head*, 110 Wis. 405, 85 N. W. 1028. Moreover, it is a general rule of law that one who has unequivocally recognized the valid existence of a defectively organized corporation is estopped from enforcing the liability of stockholders or incorporators who have assumed to act for and in behalf of the corporation before it has acquired legal existence as a corporation. 4 Thompson, Corp. (2d ed.) § 4378, and cases there cited; *Cresswell v. Overly*, 17 Bradw. (Ill.

App.) 281; *Swartwout v. Michigan Air Line R. Co.* 24 Mich. 389; *Merchants & M. Bank v. Stone,* 38 Mich. 779; *Nebraska Nat. Bank v. Ferguson,* 49 Neb. 109, 68 N. W. 370. The same principle was applied to a different situation in *Maxcy v. Peavey,* 177 Wis. 140, 187 N. W. 1020.

The liability prescribed by sub. (3), sec. 180.06, Stats., is of the same character as the common-law liability imposed upon incorporators and stockholders acting for the corporation before it attains legal existence, and suit brought against the corporation on a claim incurred by the stockholders before twenty per cent. of the stock is paid in estops the claimant from thereafter enforcing the liability of the stockholders.

A situation in all respects identical with the one here presented was considered by this court in *Clausen v. Head,* 110 Wis. 405, 85 N. W. 1028, where an association of individuals pretending to be a corporation made an assignment as a corporation for the benefit of creditors. Plaintiff first filed a claim against the assignee. Judgment was rendered against him. He then brought an action to hold the individuals as partners. The court held that by filing his claim with the assignee he had made an election of remedies, and that, having pursued his remedy against the corporation, he was estopped from attempting to hold the stockholders.

We do not overlook the fact that in *Heinze v. South Green Bay L. & D. Co.* 109 Wis. 99, 85 N. W. 145, an action was maintained against both the corporation, defectively organized, and the stockholders. Whether the creditor could pursue both the corporation and the stockholders in the same action was not raised in that case, nor was it considered by the court, and that case cannot be regarded as casting doubt upon the conclusions here reached.

For the reason that no express promise was made on the part of any one to pay respondent's claim, and that, even though such a promise was made, the respondent recognized

the existence of the corporation by filing its claim against the assignee, thereby electing to pursue the corporation rather than the stockholders, there is no basis for the judgment appealed from, and it must be reversed.

By the Court.—So ordered.