GLENN H. CORRINGTON, for the Use and Benefit of All the
Creditors of Farmers State Bank of Barber, Montana, Appellant,
v. H. D. CROSBY, E. J. Weiser, Grace E. Weiser, F. A. Irish,
G. H. Nesbit, and All Other Persons Resident in the State of
North Dakota Who Own Stock in the Farmers State Bank of
Barber, Montana, Respondents.

(215 N. W. 924.)

**Banks and banking — stockholders held liable on certificate of deposit given
as renewal.**

1. Under a statute (§ 6036, Revised Codes of Montana for 1921, analogous
to § 5168, Compiled Laws of North Dakota for 1913), which provides that the
stockholders of every bank shall be liable "for all contracts, debts and engage-
ments of such corporation to the extent of the amount of their stock therein
at par value," stockholders are liable upon a certificate of deposit, given in
renewal of a pre-existing certificate, as a separate contract or engagement of the
bank.

**Limitation of actions — when action is not barred on renewal certificate
of deposit.**

2. Under the provisions of a special statute of limitations, § 9061, Revised
Codes of Montana for 1921 (analogous to § 7393, Compiled Laws of North
Dakota for 1913), applicable to the liability of stockholders in banking
corporations, which dates the running of the statute from the time when "the
liability ·was created," an action upon renewal certificates of deposit which
had been issued within the statutory period is not barred by the special
statute.

**Cases not applicable.**

3. Cases holding that the liability of a stockholder is "created" within the
special limitation statute at the time the original liability of the corporation
for the debt was contracted or incurred, are distinguished and held not ap-
plicable to the liability of a shareholder in a bank.

Opinion filed October 13, 1927.   Rehearing denied November 26, 1927.

Banks and Banking, 7 C. J. § 77 p. 508 n. 19; § 97 p. 515 n. 98.

Appeal from the District Court of Cass County, *Cole,* J.
Reversed.

*John G. Pfeffer,* for appellant.

"Statutes of limitation go to the remedy and not to the cause of the action, and such being the case an action upon a contract is governed by the lex fori or the law of the place where the action is brought. 25 Cyc. 1018; 33 Cent. Dig. tit. Limitation of Actions, § 4." Union Stock Yards Bank v. Maika (Wyo.) 14 Ann. Cas. 977.

" 'Liability created by statute' means a liability which would not exist except for the statute." Hawkins v. Iron Valley Co. 40 Ohio St. 507.

"As a legal term 'liability' signifies that condition of affairs which gives rise to an obligation to do a particular thing to be enforced by action." Haywood v. Shreve, 44 N. J. L. 104.

"The word 'create' has a clear, well-settled, and well-understood signification. It means 'to bring into being, to cause to exist, to produce, to make, etc.' "

"Where a party's right depends upon the happening of a certain event in the future, the cause of action accrues and the statute begins to run from the time the event happens." 25 Cyc. 1067.

"According to the statute, the liability of each stockholder arose upon the failure of the bank. The liability gave at once the right to sue; and by necessary consequence, the period of limitation began at the same time." Carroll v. Green, 92 U. S. 509, 23 L. ed. 738.

*Lawrence, Murphy,* and *Nilles,* for respondents.

Although it is held, so far as the statute of limitations is concerned, that the liability of the stockholder is one created by law, and although the stockholder is, perhaps, not strictly liable on the contract with the creditor, but on the statute, nevertheless, while statutory in origin, the liability is contractual in its nature. 6 Cal. Jur. 992.

The statute of limitations of the county in which a contract is sought to be enforced, rather than of the place of the contract, applies, unless the contract has been previously extinguished by the law of the latter. Shipman v. Treadwell, 133 N. Y. 970, 150 App. Div. 57, reversing judgm. 131 N. Y. Supp. 67; 134 N. Y. Supp. 1146.

"Where by statute a right of action is given which did not exist by common law, and the statute giving the right fixes the time within which the right may be enforced, the time so fixed becomes a limitation or condition on such right, and will control, no matter in what forum

the action is brought." The Harrisburg, 119 U. S. 199, 30 L. ed. 358; Finnell v. Southern Kansas R. Co. (C. C.) 33 Fed. 427.

The right of action against a stockholder accrues at the time a debt is created. Hunt v. Ward, 99 Cal. 612, 37 Am. St. Rep. 87, 34 Pac. 335.

BIRDZELL, Ch. J. This is an action to enforce stockholders' liability in a banking corporation of Montana. It was once before this court on appeal from an order sustaining a demurrer to the complaint. The complaint was held to state a cause of action. Corrington v. Crosby, 54 N. D. 614, 48 A.L.R. 660, 210 N. W. 342.

The plaintiff filed with his complaint an amended bill of particulars describing the obligations for which the defendants are alleged to be answerable as stockholders. It appears that an original deposit was made by J. E. Corrington on May 14, 1920, in the sum of $5,000 and a certificate of deposit bearing six per cent interest, due one year from date, was taken. Another original deposit of $2,000 was made June 22, 1920, and a certificate taken, due in six months with interest at six per cent. The first certificate, as a separate deposit, was twice renewed with interest added, the last renewal being on May 14, 1922, when a new certificate for $5,618, due one year from that date with interest at six per cent, was taken. The second certificate was renewed February 7, 1921 for the original amount plus $75 interest. A further original deposit of $3,000 was added making the new certificate one for $5,075, due twelve months after date. This, with interest, was again renewed on February 7, 1922 by a new certificate, due twelve months from date. On May 16, 1923, when there was owing on the two certificates $11,746.11 there was a partial payment by draft of $746.11, leaving a balance of $11,000. This was evidenced by two certificates for the amounts of $3,000 and $8,000, respectively, dated May 16, 1923, due six months after date with interest at six per cent. Collateral security was taken for these two certificates on the date they were issued, subject, however, to a prior pledge to the War Finance Corporation. These certificates were assigned by J. E. Corrington to the plaintiff and evidence the obligation on account of which the defendants are sought to be held. The answer admits all of the allegations of the complaint but alleges that the action is barred by the Montana statutes.

Section 9011 of the Revised Code of Montana for 1921 is pleaded. It is to the effect that civil actions can only be commenced within the periods prescribed by §§ 9012 to 9066, except where in special cases a different limitation is prescribed by statute. Section 9061 is pleaded as a further statute limiting actions against stockholders upon such a liability as is alleged in the complaint. This section, as pleaded, reads:

"Sections 9011 to 9066 of this code do not affect actions against directors or stockholders of a corporation to recover a penalty or forfeiture imposed, or to enforce a liability created by law; but such actions must be brought within three years after the discovery by the aggrieved party of the facts upon which the penalty of forfeiture attached or the liability was created."

It is alleged that more than three years elapsed after the liability was created before this action was instituted, it appearing from the bill of particulars that the indebtedness was created in May and June, 1920. To this answer the plaintiff demurred. The appeal is from an order overruling the demurrer. The argument of counsel upon the appeal centers about two propositions: first, whether the statute of limitations of Montana, with reference to this particular liability, applies, or whether the action may be maintained within the period prescribed by the statutes of this state (§ 7393, Comp. Laws 1913, analogous to the Montana statute, prescribes a six-year limitation); and, second, whether the statutory liability was *created,* within the limitation statute, when the indebtedness was originally incurred, or when the bank failed in 1924.

Owing to the view we take of the law, it is unnecessary to consider the first proposition; for, if it be assumed that the liability created by the Montana statute is likewise limited by the Montana limitation statute, it is not barred, in our opinion, for the reasons hereinafter stated.

The second proposition, while somewhat differently phrased by counsel for the respective parties, is stated substantially in the alternative form above indicated; that is to say, is the superadded liability of stockholders in Montana banking corporations *created,* within the limitation statute, when the indebtedness is incurred or when the bank fails? This statement eliminates what appears to us to be the true construction of the statute in its application to the facts presented. It does not take into account the effect of the renewal of the certificates of deposit. These

were renewed on May 16, 1923 and the summons in this action was served in November, 1925, less than three years thereafter. The statute imposing the liability, § 6036 of the Revised Code of Montana for 1921, as amended by chapter 9 of the Session Laws for the year 1923, reads:

"The stockholders of every bank shall be severally and individually liable, equally and ratably, and not one for the other, for all contracts, debts, and engagements of such corporation, to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares. . . ."

We are of the opinion that this statute fastens an independent liability upon each of the stockholders of a bank for every contract or engagement made by the bank, and that, clearly, it embraces a liability upon each certificate of deposit *when it is issued,* regardless of the fact that it may rest in part upon an antecedent debt or consideration. Each certificate is a separate *contract* or *engagement* under which the bank promises to pay a given amount at the end of a stated period and each is supported by a new consideration in the shape of an obligation to pay interest for that period. If the stockholders of a bank should change between the date of the making of the original certificate and the issuing of the renewal certificate, it could not reasonably be contended that those who were stockholders at the time of the issuance of the renewal certificate would not be liable for it; nor, as between two persons who were stockholders at the time of the issuance of a renewal certificate that one may be entitled to invoke the limitation while the other is not so protected. Yet, the adoption of the contentions urged on behalf of the respondents would involve these consequences. The only language in any of the statutes invoked, which can be said to be susceptible of such a construction, is that limiting the action to a time within three years of the *creation* of the liability. We are of the opinion that the term "created," as so used, in its relation to the liability of stockholders in banks, clearly refers to the liability upon the particular contract and is not concerned with the origin of the consideration for such contract.

The argument to the contrary, which is ably presented by counsel for the respondents, is grounded largely upon decisions from California, whence the limitation statute of Montana, as well as of this state, was apparently derived. One of the earliest decisions under this statute

is Hyman v. Coleman, 82 Cal. 650, 16 Am. St. Rep. 178, 23 Pac. 62. In that case an action was commenced in April, 1885 to recover of stockholders upon a renewal note executed by a corporation in December, 1883, the original loan having been made in October, 1879. In the complaint the defendants were sought to be charged as stockholders of the corporation as of 1879, rather than 1883; and it was said by the court that the complaint stated no cause of action against the defendants for a liability created in 1883, because it was not alleged that they were stockholders when the renewals were made. Hence, the liability sought to be fastened upon the defendants as stockholders in 1879 upon an indebtedness then created was held *not* to have been extended by the renewal of the note in 1883. This case we find to have been often cited for the proposition that the statutory liability of the stockholders may not be extended beyond the three-year period by the act of the corporation in renewing the original obligation, and there are several decisions to the effect that the statute of limitations applicable to this character of action commences to run when the liability is *created* and does not start anew when the obligation is renewed. O'Neill v. Quarnstrom, 6 Cal. App. 469, 92 Pac. 391; Santa Rosa Nat. Bank v. Barnett, 125 Cal. 407, 58 Pac. 85. Indeed, this principle is carried to the logical conclusion of holding that the action against the stockholders may be barred even though brought within three years from the accrual of the cause of action against the corporation. It is the contract and not the breach that dates the *creation* of the obligation within the statute. Bank of San Luis Obispo v. Pacific Coast S. S. Co. 103 Cal. 594, 37 Pac. 499; Chambers v. Farnham, 182 Cal. 191, 187 Pac. 732; Hunt v. Ward, 99 Cal. 612, 37 Am. St. Rep. 87, 34 Pac. 235.

We find, however, upon a careful examination of the California cases on this subject, that the result has been influenced by a provision in the California Constitution (art. 12, § 3) declaring a stockholder in a corporation to be individually and personally liable for a proportion of "its debts and liabilities *contracted or incurred* during the time he was a stockholder" and a general statutory provision to like effect. See Pomeroy's Civil Code of California for 1901, § 322; Gardiner v. Royer, 167 Cal. 238, 139 Pac. 75. Under a constitutional and statutory provision of this sort it is important to determine when the liability was contracted or the debt incurred, as the evident purpose is to render

liable only those who were stockholders at such time. There is no similar provision in the constitution or statutes of this state, and it must be assumed, in the absence of allegations to the contrary,—if this is important,—that there is no similar provision in Montana. There is a vast difference between a statute making stockholders liable for debts contracted or incurred during the time they are stockholders and one making them liable for all contracts, debts and engagements of the corporation. The statute of Montana, which fastens upon stockholders in banks an individual liability for all contracts, debts and engagements of the corporation to the extent of the amount of their stock, and which is in all substantial particulars identical with our statute on the same subject (Comp. Laws 1913, § 5168), is essentially different from the constitutional and statutory provisions of California in regard to stockholders' liability in general. (It seems that California has no separate statute analogous to § 5168, Compiled Laws of 1913 and to the Montana statute, fixing the liability of stockholders in banks, but that their liability is an unlimited proportionate liability under the constitution and general corporation laws. See California Constitution and Statutes, supra; 4 Cal. Jur. § 44; 2 Paton's Dig. 1926, 839a.) In the statute providing for liability of shareholders in banks, the clear purpose is to charge the shareholder for the association's contracts, debts and engagements of every sort without regard to whether they were contracted before or after he became a shareholder. See Comp. Laws 1913, § 5160. To hold, therefore, that a stockholder in a bank is not liable upon a renewal certificate of deposit, which is a definite engagement to pay a given amount with interest at a stated time, where such certificate evidences a deposit made in the bank more than three years prior to that time, would be, in effect, to declare an exception to the engagements for which stockholders are bound. We have no doubt that our construction of the statute imposing the superadded liability upon shareholders in banks is in accord with the common understanding that such shareholders are liable upon all engagements of the association, whether original or evidencing a renewal of previous obligations. It would indeed be a startling declaration that stockholders in banks cease to be liable upon certificates of deposit renewed more than three years (six years under the North Dakota statute, § 7393, supra), from the date of the original deposit.

Since we are of the opinion that the limitation must be held to have begun to run not earlier than the date of the issuance of the renewal certificates sued upon, it is obviously unnecessary to consider whether the action might be controlled by the North Dakota statute, whether the liability is primary or secondary, or whether the statute might not begin to run until the closing of the bank.

It follows that the order appealed from must be reversed. It is so ordered.

NUESSLE, BURR, and BURKE, JJ., and ENGLERT, Dist. J., concur.

CHRISTIANSON, J., did not participate; Honorable M. J. ENGLERT, Judge of the First Judicial District, sitting in his stead.