KAESTNER, Respondent, vs. KUECHLE and others, Appellants.

*September 13—November 8, 1927.*

*Corporations: Defective organization: Failure to pay in twenty per cent. of capital: Creditor's action against corporation: Against stockholders: Election of remedies: Estoppel.*

1. Where twenty per cent. of its capital stock has not been paid in to a corporation in cash or its equivalent, the corporation is defectively organized. p. 75.
2. A creditor of a corporation who sued it without inquiry as to what portion of its capital had been paid in, and, after learning that less than twenty per cent. had been actually paid in, secured the appointment of a receiver for the corporation, has elected his remedy, and is estopped to sue the stockholders individually under sub. (3), sec. 180.06, Stats., creating a personal liability on the part of the stockholders for obligations of the corporation contracted before twenty per cent. of the capital stock had been actually paid in to the corporation. pp. 77, 78.

Kaestner v. Kuechle, 194 Wis. 72.

APPEAL from a judgment in favor of the plaintiff of the circuit court for Milwaukee county: AUGUST E. BRAUN, Circuit Judge. *Reversed.*

On or about the 1st day of October, 1921, the defendants and one Gray attempted to organize the "Auttacc Company, Inc.," a Wisconsin corporation, under and pursuant to the provisions of ch. 180 of the Statutes. The Auttacc Company, Inc., became indebted to the plaintiff, and the latter contends that when the debt was contracted the corporation had failed to comply with the provisions of the statutes pursuant to which at least twenty per cent. of the authorized capital stock of a corporation must be paid in to the corporation before it is authorized to do business with others than its members. Suit was brought on the claim against the corporation; judgment was entered; execution was issued and returned unsatisfied; supplementary proceedings were instituted, and on motion of the plaintiff a receiver was appointed, and the latter began an action to sequester the property of the corporation for the benefit of creditors and to collect unpaid stock subscriptions. This action was then abandoned and the present action was instituted by the plaintiff against the defendants to collect the amount of his judgment against the corporation from the individual stockholders, under and pursuant to the provisions of sub. (3) of sec. 180.06 of the Statutes.

The principal issues argued in the court below and in this court are the following: First, Did the plaintiff, when he proceeded in his action against the corporation, elect one of two inconsistent remedies which estopped him thereafter from pursuing his statutory remedy against the individual stockholders; and second, Did the property turned in to the corporation in payment for capital stock reasonably represent an amount equivalent to twenty per cent. of the authorized capital stock of the corporation?

The circuit court decided both issues in favor of the plaintiff, and ordered judgment in his favor, upon the entry of which this appeal was prosecuted by the defendants.

For the appellants there were briefs by *Dunn & Hirschboeck* of Milwaukee, and oral argument by *H. C. Hirschboeck.*

*Reginald I. Kenney* of Milwaukee, for the respondent.

DOERFLER, J.   At the very threshold of this case lies the issue whether the plaintiff is bound by his election of a remedy in such a manner as to estop him from pursuing the statutory action provided for by sub. (3), sec. 180.06, Stats. Defendants argue that the plaintiff is so estopped, and rely upon the following authorities, to wit: *Clausen v. Head,* 110 Wis. 405, 85 N. W. 1028; *Blum Bros. Box Co. v. Stumbaugh,* 189 Wis. 254, 207 N. W. 270; *Smeesters v. Schroeder,* 123 Wis. 116, 101 N. W. 363.

Sub. (3), sec. 180.06, provides as follows:

"No such corporation shall transact business with any others than its members until at least one half of its capital stock shall have been duly subscribed and at least twenty per centum of its said capital stock actually paid in; and if any obligation shall be contracted in violation hereof, the corporation offending shall have no right of action thereon; but the signer or signers of the articles and the subscriber or subscribers for stock transacting such business or authorizing the same, or having knowledge thereof, consenting to the incurring of any debt or liability, as well as the stockholders then existing, shall be personally liable upon the same."

The sections of the statutes immediately following sec. 180.06 up to sec. 180.11, in substance refer to the filing of the articles and amendments to the same.   Sub. (1), sec. 180.11, in part reads:

"Every such corporation, when so organized, shall be a body corporate by the name designated in its articles, and

shall have the powers of a corporation conferred by these statutes necessary or proper to conduct the business or accomplish the purposes prescribed by its articles, but not other or greater. . . ."

It is clear from the statutes above referred to, and especially from the provisions of sec. 180.11, that the corporation shall in law be deemed a full-fledged corporation when it has complied with all of the provisions of the statutes. The Auttacc Company, Inc., was far from being a full-fledged corporation when it contracted the debt which forms the basis of this action, if we assume that twenty per cent. of the capital stock had not then been actually paid in to the corporation in cash or the equivalent of cash. It is true that sub. (3), sec. 180.06, speaks of a defectively organized corporation, where the necessary amount of capital has not been paid in, as a corporation, but it stands to reason that it is not a corporation, excepting in a very limited sense, until this essential requisite has been complied with. It can legally transact business only with its members, and this involves merely such transactions as may be necessary to complete its organization. It cannot lawfully transact the business for which it is organized. It is therefore a defectively organized corporation in the same sense as a body which has failed to adopt articles of organization or has failed to comply with the requisites of the statute requiring the filing of its articles. *Blum Bros. Box Co. v. Stumbaugh, supra.*

This question is ably discussed in the case of *Wechselberg v. Flour City Nat. Bank,* 64 Fed. 90, in an opinion rendered by Judge SEAMAN, a federal judge from Wisconsin, who, by reason of his ability and long years of experience, was thoroughly familiar with the statutes on corporations in this state. In fact, the question in the *Wechselberg Case* involved a construction of our corporation statutes, and especially sub. (3), sec. 180.06. This court in the *Blum Case* took a position similar to the federal court in the

*Wechselberg Case.* In the *Blum Case* this court, by Mr. Justice OWEN, who wrote the opinion, says:

"Moreover, it is a general rule of law that one who has unequivocally recognized the valid existence of a defectively organized corporation is estopped from enforcing the liability of stockholders or incorporators who have assumed to act for and in behalf of the corporation before it has acquired legal existence as a corporation." Citing 4 Thompson, Corp. (2d ed.) § 4378, and numerous cases.

Continuing, the opinion reads:

"The liability prescribed by sub. (3), sec. 180.06, Stats., is of the same character as the common-law liability imposed upon incorporators and stockholders acting for the corporation before it attains legal existence, and suit brought against the corporation on a claim incurred by the stockholders before twenty per cent. of the stock is paid in estops the claimant from thereafter enforcing the liability of the stockholders."

See, also, *Clausen v. Head,* 110 Wis. 405, 85 N. W. 1028, 84 Am. St. Rep. 923.

Plaintiff's counsel confidently asserts that the opinion in the case of *Hanson v. Martin,* 192 Wis. 40, 211 N. W. 790, is in conflict with the holding in the *Blum Case.* A careful reading of the *Hanson Case* is persuasive that no conflict whatever exists in the opinions of these two cases. In the *Hanson Case* it is in substance said that the mere doing of business by a creditor with a corporation as such, does not estop him from pursuing his remedy against the stockholders under the provisions of sub. (3), sec. 180.06, for if estoppel would exist under such circumstances the entire purpose of the statute would be defeated. Here it must be borne in mind that a creditor who merely does business with a corporation has not reached a point where it becomes necessary for him to elect a remedy. That period arises when he proceeds to take legal steps to enforce his claim.

The learned trial judge in his opinion states that the plaintiff can only be bound by a remedy elected by him

when he is possessed with knowledge of the facts, and plaintiff claims that when he began his action against the corporation he was unaware of the alleged fact that twenty per cent. of the authorized capital stock had not been properly paid in to the corporation. The plaintiff, however, proceeded with his action without making any inquiry whatsoever. The corporation evidently at that time was insolvent. This of itself, in view of the short period of time during which the body was in existence, would be suggestive, at least, of the lack of the requisite capital required by the statutes.

Sec. 182.01 of the Statutes was enacted by the legislature for the benefit of creditors situated like the plaintiff, and a resort to this means would have furnished the plaintiff the identical knowledge which he subsequently acquired in supplementary proceedings, at the end of a long and rather protracted suit. Before pleading in his action against the corporation, upon a proper affidavit all matters pertaining to the organization of the corporation could have been readily ascertained, and in enacting the discovery statute the legislature also afforded ample means which, if pursued, would have fully enlightened the plaintiff on the subject of his remedy. A creditor situated as plaintiff was, in view of all of the facts and circumstances in the case as herein indicated, is in no position to assert lack of knowledge where the legislature has supplied ample machinery and means for the express purpose of affording such knowledge. Under such circumstances he cannot blindly involve others in litigation and compel them to incur the expenses connected therewith, and in addition thereto burden the courts and the public, and then assert lack of knowledge. Even after knowledge came to him during the course of the supplementary proceedings he did not stop there, but further proceeded by asking for the appointment of a receiver, which was followed by the sequestration action above referred to.

Therefore, under the decisions in the cases of *Clausen*

*v. Head* and *Blum Bros. Box Co. v. Stumbaugh, supra,* and numerous other cases which might be cited, it is held that the plaintiff effectually elected his remedy, which estopped him from pursuing the defendants in the present action.

In view of our conclusions as thus expressed the merits of the case cannot be considered.

*By the Court.*—The judgment of the lower court is reversed, and the cause is remanded with directions to dismiss plaintiff's complaint with costs.