ANDERSON (Christine), Appellant, v. ANDERSON (Josephine), Respondent.

*No. 105. Argued March 28, 1972.—Decided May 2, 1972.*
(Also reported in 196 N. W. 2d 727.)

For the appellant there was a brief and oral argument by *William H. Bowman* of Milwaukee.

For the respondent there was a brief and oral argument by *William A. Ketterer* of Milwaukee.

HANLEY, J. The sole issue presented upon this appeal is whether there is a defect in parties such that the demurrer was properly sustained.

There is no question but that all parties to the agreement are proper parties to this lawsuit. However, a complaint is not demurrable merely because proper parties are not before the court; the demurrer will be sustained only if necessary or indispensable parties have not been joined. *Elliott v. Indemnity Ins. Co.* (1930), 201 Wis. 445, 448, 230 N. W. 87; *Borde v. Hake* (1969), 44 Wis. 2d 22, 30, 170 N. W. 2d 768. If, as respondent alleges, a partnership was created by the agreement, all the partners are indispensable parties and must be joined. *De*

*Wit v. Lander* (1888), 72 Wis. 120, 39 N. W. 349; *Karp v. Coolview of Wisconsin, Inc.* (1964), 25 Wis. 2d 299, 304, 305, 130 N. W. 2d 790.

The burden of proving the existence of a partnership rests with respondent. *Morris v. Resnick* (1955), 268 Wis. 410, 415, 67 N. W. 2d 848. Sec. 178.03 (1), Stats., defines the term partnership as "an association of 2 or more persons to carry on as co-owners a business for profit." The receipt of a share of those profits is deemed prima facie evidence that a person is a partner in the business. Sec. 178.04 (4). However, under sec. 178.04 (2), a partnership will not be implied merely because of common ownership of property, whether or not profits are shared by the co-owners. *Schleicker v. Krier* (1935), 218 Wis. 376, 379, 261 N. W. 413. As stated in 68 C. J. S., *Partnership,* p. 435, sec. 20 c (2) :

"A mere community of interest in property, such as exists between tenants in common or joint tenants of real or personal property, does not make such owners partners or raise a presumption that a partnership exists, and this is so even though they cooperate in making improvements on their property and in realizing and sharing the profits or the losses and expenses arising therefrom.

"The adoption of an assumed name, as a convenient mode of designating all the joint owners, in transactions relating to the common property, does not change the legal relationship of the several owners, with respect to the common property, from a tenancy in common to one of partnership. . . ."

Whether or not the co-owners of the trailer park have entered into a partnership cannot be determined merely through an examination of the complaint. The allegation which describes the agreement between the parties reads as follows :

"5. That at the time the above-described property was obtained, it was mutually agreed between all four of the owners that they would each contribute equally toward

the acquisition of the property, that they would all work to establish and maintain a trailer park upon said property, and would share equally in the profits to be realized from the operation of the trailer park."

This allegation alone does not establish that the cotenants intended their venture to be a partnership. Also, the allegation is silent as to whether all the parties to the agreement were to have an equal voice in the management of the trailer park, which is an essential element of partnership. *Thomas v. Department of Taxation* (1947), 250 Wis. 8, 15, 26 N. W. 2d 310. Therefore, further proof is needed before it can be determined whether or not a partnership did exist by virtue of the agreement. Since the husbands of the respective parties cannot be said to have been partners as a matter of law, based only on the allegations of the complaint, they are not indispensable parties on that ground.

Appellant contends that this is merely an action by one cotenant for the recovery of rent held by another, which does not require the joinder of other cotenants. We do not agree. We think that all cotenants are necessary, if not indispensable, parties in an action of this nature.

In line with equitable principles, this court has held that all those who are jointly liable on a chose in action must be sued together. *Bank of Verona v. Stewart* (1937), 223 Wis. 577, 582, 270 N. W. 534. Likewise, in an action for an accounting by one member of an enterprise against another, it was held that all those having an interest in the enterprise should be made parties. *Sullivan v. Ashland Light, Power & Street Ry. Co.* (1914), 156 Wis. 445, 450, 451, 146 N. W. 506.

There is no question that a complete determination of this action requires the presence of both appellant's husband and the estate of respondent's deceased husband. The trial court will have to determine the total profits realized from the operation of the trailer park, which finding will affect the interests of all four of the co-

tenants. The effect of the "rent" and "salary" paid to appellant's spouse must also be considered. We conclude that the absent cotenants are necessary, if not indispensable, parties in this action and that the trial court properly sustained the demurrer.

*By the Court.*—Order affirmed.